FREEMAN v. GALVESTON, H. & S. A. RY. CO. (No. 606–4440.)

(Commission of Appeals of Texas, Section B. June 16, 1926.)

1. **Trial ☞351(2).**

Refusal of incorrect issue, submitted generally, is not error.

2. **Trial ☞352(5)—Issue whether automobilist could have seen or heard train by looking or listening, held properly refused as assuming negligence.**

Issue whether automobilist, when far enough from track to stop before reaching it, could have seen or heard train by looking or listening, held properly refused as assuming negligence in failing to discover train or stop before reaching track.

3. **Trial ☞191(8)—Contributory negligence in not stopping, looking, or listening, on approaching crossing, cannot be assumed.**

Whether reasonably prudent person approaching crossing would stop, look, or listen depends largely on surrounding circumstances, and court cannot assume nor instruct jury that failure to do so constitutes contributory negligence, especially where such person had once looked or listened.

4. **Trial ☞352(1)—Issue whether automobilist, when far enough from track to stop, could have seen or heard train by looking or listening, held properly refused as requiring continuous looking or listening.**

Issue whether automobilist, when far enough from track to stop car before reaching it, could have seen or heard train by looking or listening, held properly refused as requiring continuous looking or listening from indefinite point to last stopping chance, regardless of previous care.

5. **Trial ☞191(8).**

Whether ordinary care in approaching crossing requires constant looking or listening is fact question, which cannot be assumed in instructions.

6. **Trial ☞351(2)—Issue whether automobilist could have seen or heard train by looking or listening in time to stop held properly refused, in absence of request for issue respecting such conduct as proximate cause of injury.**

Issue whether automobilist, when far enough from track to stop before reaching it, could have seen or heard train by looking or listening, held properly refused, in absence of requested issue respecting such conduct as proximate cause of injury.

7. **Appeal and error ☞930(2).**

Appellate court cannot assume that jury will disregard court's instructions.

8. **Trial ☞352(5)—Issue whether automobilist could have seen or heard train by looking or listening in time to stop held properly refused as assuming absolute duty to stop.**

Issue whether automobilist, when far enough from track to stop, could have seen or heard train by looking or listening, held properly refused as assuming duty to stop, regardless of train's distance and speed or automobilist's proximity to crossing.

9. **Railroads ☞350(16).**

Whether reasonably prudent person approaching crossing would stop automobile on discovering train's approach is for jury.

10. **Negligence ☞136(14).**

Unless act is made negligent by statute or so plainly so that reasonable minds cannot differ, question is for jury.

11. **Trial ☞350(7)—Issue whether automobilist could have seen or heard train by looking or listening in time to stop held properly refused as calling for finding of mere evidentiary circumstance, not ultimate fact.**

Issue whether automobilist, when far enough from track to stop before reaching it, could have seen or heard train by looking or listening, held properly refused as calling for finding of mere circumstance tending to show contributory negligence, not ultimate fact compelling judgment for railroad.

12. **Trial ☞350(2).**

Only ultimate controlling facts, not mere evidentiary matters, are to be submitted to jury for findings.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Error to Court of Civil Appeals of First Supreme Judicial District.

Action by Max Freeman against the Galveston, Harrisburg & San Antonio Railway Company. A judgment for plaintiff was reversed, and the cause remanded by the Court of Civil Appeals on rehearing (273 S. W. 979), and the plaintiff brings error. Judgment of the Court of Civil Appeals reversed, and that of the trial court affirmed.

Fouts & Patterson, of Houston, for plaintiff in error.

Baker, Botts, Parker & Garwood and Garrison & Watson, all of Houston, for defendant in error.

SPEER, J. Max Freeman sued the Galveston, Harrisburg & San Antonio Railway Company to recover damages for personal injuries received by him through a collision of the defendant's train with an automobile truck in which he was riding. There was a judgment for the plaintiff for $10,000, which judgment was subsequently affirmed by the Court of Civil Appeals, but which on rehearing was reversed and remanded, with Justice Graves dissenting. 273 S. W. 979. The special issues submitted, so far as material, together with the answers returned, were as follows:

"(2a) Did those in charge of the locomotive fail to commence ringing of the bell at a distance of at least 80 rods (440 yards) from the public road and to continue to ring the bell thereon until the collision occurred? You will answer 'Yes' or 'No.'" The jury answered, "Yes."

"(2b) If you have answered 'Yes' to special issue No. 2a next preceding, then was the failure to thus ring the bell the proximate cause of the injury to plaintiff? You will answer 'Yes' or 'No.'" The jury answered, "Yes."

"(9) Did the plaintiff, in approaching the railroad crossing on the occasion in question, fail to use the care that a man of ordinary prudence under the same or similar circumstances would have used to discover the approach of the train and avoid collision therewith? You will answer 'He did' or 'He did not' as you find the facts to be." The jury answered, "He did not."

The jury found the damages to be $10,000. The defendant requested a number of special issues presenting different phases of contributory negligence, among which was its No. 12, as follows:

"Could the plaintiff, Max Freeman, when within a sufficient distance from the track that he could have stopped his automobile before reaching the track, by the exercise of ordinary care, have seen or heard the approaching train by looking or listening for the same?"

There was also requested the following:

"No. 13. If you have answered special issues Nos. 1, 2, 3, 8, 9, 10, and 11, in the affirmative, or either of them, then you will answer the following question: Was such failure on the part of plaintiff a contributing cause to plaintiff's injury?"

These issues were refused, for which, on rehearing, the Court of Civil Appeals reversed and remanded the case. We think the Court of Civil Appeals erred in this respect.

[1] It will be observed in the court's issue No. 9 the question of plaintiff's contributory negligence in approaching the railroad crossing was submitted in a general way. It is not contended that this issue was affirmatively erroneous, but it is contended, and such objection was timely made, that the submission was too general. In such a case it is the right of the defendant to have submitted a more specific statement of the defense; in other words, a proper grouping of any facts within the pleading and the evidence that would, if found, constitute a defense. But before the defendant would be entitled to such submission, it would have to request such issue in proper form. Where the court has actually submitted the defense, though in general terms, it is not error to refuse a requested issue which is incorrect. The defendant must, at his peril, present a properly drawn issue for submission. If the requested issue is defective, it should be refused, and no error could, of course, be predicated upon such refusal. Gulf, etc., Ry. Co. v. Shieder, 88 Tex. 152, 30 S. W. 902, 28 L. R. A. 538; Stiles v. Hawkins (Tex. Com. App.) 207 S. W. 89; Wichita Falls, etc., Ry. Co. v. Combs (Tex. Com. App.) 268 S. W. 447.

[2, 3] Now the defendant's special issue No. 12 could not have been given for several reasons. In the first place, whether or not the failure of the plaintiff to discover the approaching train and/or to stop his automobile before reaching the track was negligence was not requested to be submitted. The issue as framed clearly assumed that fact. It has never been held in Texas that a mere failure to look or listen is necessarily contributory negligence upon the part of one approaching a railroad crossing. On the contrary, the very reverse has often been held. There is no statute declaring, and no decision holding, as matter of law, that a failure to stop, look, or listen will constitute contributory negligence. In the very nature of things whether a reasonably prudent person would stop, look, or listen would depend largely, if not entirely, upon the circumstances surrounding him. The court cannot assume, nor can he in effect instruct the jury, that such failure would constitute contributory negligence. H. & T. C. Ry. Co. v. Wilson, 60 Tex. 142; Trochta v. Missouri, etc., Ry. Co. (Tex. Com. App.) 218 S. W. 1038; Kirksey v. Traction Co., 110 Tex. 190, 217 S. W. 139; Barron v. Houston, etc., Ry. Co. (Tex. Com. App.) 249 S. W. 825. Especially is this true where, as here, the proof shows the plaintiff had once looked or listened, and the complaint is with respect to his failure again to look or listen. Hines v. Arrant (Tex. Civ. App.) 225 S. W. 767, writ refused.

[4, 5] A further peculiar vice inheres in the

issues. It would have required the plaintiff to look or listen continuously from an indefinite point to the last stopping chance, regardless of previous care in that respect. He might have looked and listened, once, twice, or oftener, all that any ordinarily careful man would have done, yet the charge imposed a greater burden, for it required an affirmative answer if he, in the exercise of ordinary care, could have seen or heard the approaching train at any time when he could have stopped his automobile before reaching the track. There is no law requiring a continuous looking and listening. Ordinary care is the measure of one's duty. Ordinary care might in a very dangerous situation require a constant looking or listening, but whether it does or not is purely a question of fact and cannot be assumed in the instructions.

[6, 7] In the next place, no fact issue was requested with respect to plaintiff's conduct submitted in No. 12, as the proximate cause of his injury. Requested issue No. 13 specifically referred to, and was based upon, an affirmative answer to some one of the issues numbered 1, 2, 3, 8, 9, 10, and 11. This did not include special issue No. 12 and, if both Nos. 12 and 13 had been submitted the jury would have had no authority to make a finding as to the proximate effect of the fact or facts submitted in No. 12. We cannot assume that the jury would have disregarded the court's instructions.

[8-10] Defendant's special issue No. 12 was further erroneous in that it assumed that it was the duty of the plaintiff to stop his automobile, upon discovering the approach of the train, regardless of any circumstances whatsoever; that is, regardless of the distance of the train, its speed, or of his proximity to or distance from the crossing. In determining what course to pursue a reasonably prudent man would be governed largely by these circumstances. The train might be at such distance when discovered and the plaintiff at such proximity to the crossing as that there would be little or no risk whatever in proceeding, and the chance might be one that any prudent person would take. Unless an act is made negligent by statute or unless it is so plainly such that reasonable minds cannot differ about it, the question always is for the jury. Barron v. Ry. Co., supra: Hines v. Ry. Co., supra; Pearson v. T. & N. O. Ry. Co. (Tex. Com. App.) 238 S. W. 1108.

[11, 12] Not only is special issue No. 12 defective in the respects noticed, but it would have availed defendant in error nothing if it had been submitted and the jury had answered it in the affirmative. It would thus merely have established the fact therein submitted, which was at most merely a circumstance, which the jury could have considered as evidence tending to show contributory negligence. It would not have established any

ultimate fact compelling a judgment in defendant's favor. The rule is too well settled to require citation of authorities, and indeed the statute itself speaks to the very point that only ultimate controlling facts and not mere evidentiary matters are to be submitted for findings. The trial court was right in refusing these special issues.

We therefore recommend that the judgment of the Court of Civil Appeals, wherein it reversed the trial court, be reversed and the judgment of the trial court be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.