## QUANAH, ACME & P. RY. CO. v. HOGLAND. (No. 2850.)

Court of Civil Appeals of Texas. Amarillo. June 29, 1927.

1. **Railroads** ⊂⊃347(11)—Automobile driver might testify that he thought train standing at depot was regular train which he failed to discover.

In action by automobile driver for personal injuries and property damage caused by train striking automobile at crossing, plaintiff might testify that he saw a train standing at the depot in town about a half mile away, and thought it to be regular train due at that time, and for that reason failed to discover approach of regular train which struck his automobile.

2. **Railroads** ⊂⊃350(16)—Contributory negligence of automobile driver failing to stop or look or listen for train held for jury.

In action by automobile driver for personal injuries and property damage caused by train striking automobile at crossing, contributory negligence of driver *held* for jury, though he testified that he did not stop before crossing the railroad track and did not look or listen for train approaching from east which struck automobile.

**3. Negligence ⬬136(14)—Contributory negligence is generally for jury.**

Contributory negligence is generally a question of fact for the jury.

**4. Railroads ⬬350(16)—Whether ordinary care requires traveler approaching railroad crossing to look or listen is generally for jury.**

Question whether ordinary care required traveler approaching railroad crossing to look or listen is question of fact which the court can rarely ever take from the consideration of the jury.

**5. Railroads ⬬327(1)—If reasonably prudent person approaching railroad crossing would stop, look, and listen, failure to do so is "negligence."**

Where, under all of the circumstances, a reasonably prudent person approaching a railroad crossing would stop, look, and listen, failure of traveler approaching crossing to do so is "negligence."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Negligence.]

**6. Negligence ⬬136(14)—Negligence is for jury unless act is negligent by statute or reasonable minds cannot differ.**

Unless an act is made negligent by statute or is so plainly negligent that reasonable minds cannot differ, issue of negligence must be submitted to the jury.

**7. Appeal and error ⬬1056(1)—In crossing accident case, excluding testimony that county had abandoned road and that it was little used, if error, held harmless where evidence showed that railroad recognized crossing.**

In an action for collision between train and automobile at crossing, excluding testimony that commissioners' court has discontinued road as public road, and that county had abandoned it, and that it had since been used very little, if error, held harmless, where testimony showed that the railroad had a crossing sign and whistling post at which they usually commenced blowing whistle and ringing bell and that railroad had not fenced track at crossing, since showing that crossing was recognized as such by railroad.

**8. Trial ⬬215—Where case is submitted on special issues, general charges to find for designated party, if specified facts be found, are improper (Rev. St. 1925, arts. 2184, 2190).**

General charges to find for designated party if specified facts be found by the jury are improper where case is submitted upon special issues, under Rev. St. 1925, arts. 2184, 2190, providing for submission of case on special issues and the answer of each issue separately.

**9. Trial ⬬351(2)—Objections to charge in case being tried on special issues as failing to submit contributory negligence held to require submission of special issues thereon, though defendant did not prepare any.**

Where defendant by objections to charge of the court in a case being tried on special issues specifically pointed out failure of the charge to submit the defenses of contributory negligence pleaded and in evidence, the court was bound to submit special issues thereon to jury, notwithstanding the defendant failed to prepare special issues thereon.

**10. Trial ⬬352(1)—Special issue whether automobile driver used care of reasonably prudent person before crossing railroad track, if submission of contributory negligence, was too general in face of objections to charge.**

In action for collision between train and automobile at crossing, special issue submitting to jury whether automobile driver used such care as reasonably prudent person would use to ascertain the approach of the train before attempting to cross the railroad track, if a submission of contributory negligence, *held* too general in the face of specific objections to the charge of the court as failing to submit contributory negligence.

Appeal from District Court, Motley County; J. H. Milam, Judge.

Action by Frank Hogland against the Quanah, Acme & Pacific Railway Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Hamilton & McMath, of Matador, for appellant.

Bouldin & Fish, of Matador, for appellee.

HALL, C. J. The appellee, plaintiff below, sued the appellant, railway company, alleging that on or about the 16th day of August, 1926, he was driving a Ford coupé across the appellant's track near the town of Roaring Springs, when appellant's train struck the automobile in which he was traveling, dragging it for a distance of about 300 feet, entirely demolishing it, and injuring him. He prays for damages to the automobile in the sum of $550, and damages in the sum of $1,582 for personal injuries, loss of time, doctors' bills, etc. He charged that he was injured by reason of the negligence of the appellant, its servants, and employees, in that its train approached the crossing where the injury occurred without blowing the whistle or ringing the bell, as required by law; that because the right of way and embankment at such place had grown up in weeds and bushes, the approach of its train could not be seen by appellee as he drove upon the crossing. He further charged that appellant negligently permitted a train to be on its track or near the depot at Roaring Springs, at the time the regular train, which caused the plaintiff's damage, was due, and that appellee, seeing such train, was misled to thinking that the regular train was already in, and by reason of such mistake he failed to discover the regular train as it approached, and in consequence he was damaged thereby. He set out and described the injuries sustained by him in detail.

The defendant answered by general denial, and specially pleaded that the plaintiff's injuries, if any, were the result of his own

contributory negligence in driving upon the crossing immediately in front of an approaching train, without exercising any care or diligence to ascertain whether the train was coming; that the view was open, clear, and unobstructed, and that even one glance in that direction from which the train was approaching would have shown him his danger; that appellant failed to stop and look and listen before approaching the crossing, and failed to look and listen at any time, and was also guilty of contributory negligence in attempting to cross the track while he was intoxicated or under the influence of intoxicants, and was by reason thereof reckless and careless. A trial upon special issues resulted in a verdict and judgment for the plaintiff in the sum of $800 damages for personal injuries and $400 damages to his automobile.

[1] The court did not err in permitting the plaintiff to testify that he saw a train standing at the depot in town about a half mile away, and took it for appellant's regular train, and for that reason failed to discover the approach of the train which injured him.

[2-6] Although plaintiff testified that he did not stop before crossing the track, and did not look or listen for the train which was approaching him from the east, because he thought the train he saw at the depot was the regular train due at that time, the court would not have been justified in directing a verdict against him, because under the decisions of this state contributory negligence is generally a question of fact for the jury. Whether ordinary care in approaching a crossing requires the plaintiff to look or listen is a question of fact which the court can rarely ever take from the consideration of a jury. The question is whether, under all of the circumstances, a reasonably prudent person approaching such a crossing would stop and look and listen. Unless an act is made negligent by statute or is so plainly negligent under the evidence that reasonable minds cannot differ, the court is required to submit the issue. Freeman v. Galveston, H. & S. A. Ry. Co. (Tex. Com. App.) 285 S. W. 607.

[7] The appellant company next insists that the court erred in not permitting the county judge of Motley county to testify that the place where plaintiff attempted to cross the track had at one time been a public road, but that the commissioners' court had in 1921 discontinued it as a public road and changed it so as to run through the town of Roaring Springs, and that since then the county had abandoned the road, had not had it worked, and that it had not been considered as a public road.

In this connection it is further insisted that the court erred in not permitting the defendant to prove by Jackson and Green that there had been no travel by the public over the crossing at that place since the road had been changed by the commissioners' court, and that only an occasional local passerby ever used the crossing. This testimony was probably admissible, but its exclusion, if error, is harmless, for the reason that the testimony showed that the railway company had a railroad crossing sign on its right of way at that place as a warning; that there was a whistling post 80 rods east of the crossing at which the engineer said that they usually commenced blowing the whistle and ringing the bell. These facts showed that the crossing was recognized as such by the company, and, since it was not shown that the company had fenced its track at such place, the exclusion of the testimony showing that it was not officially recognized as a public road was immaterial.

[8] The appellant prepared and requested the court to give several general charges: (1) Upon what constituted contributory negligence; (2) the rule of law upon whether the failure to sound the whistle and ring the bell would excuse the plaintiff from the exercise of ordinary care; (3) the rule of law which required the appellee to use ordinary care to discover the approaching train and the effect of his failure to do so, if they should find that he did not use such care; (4) whether such failure was the proximate cause of his injuries, and upon several other issues. Each one of these general charges concluded by instructing the jury that, if they found in accordance with the facts set out in the charge, then they should answer certain interrogatories in a certain way.

The court did not err in refusing to give these special charges for the reason that, under Revised Statutes (1925) articles 2184 and 2190, it is held that where a case is submitted upon special issues, general charges to find for either party, if certain facts be found, are improper. Worden v. Kroeger (Tex. Com. App.) 219 S. W. 1094; A. J. Anderson & Co. v. Reich (Tex. Com. App.) 260 S. W. 162; Freeman v. Galveston, H. & S. A. R. Co. (Tex. Com. App.) 287 S. W. 902; Id. (Tex. Com. App.) 285 S. W. 607.

[9] While the defendant did not request the court to submit special issues upon each of the grounds of contributory negligence set up as a defense, nevertheless, by its objections to the charge of the court, it specifically pointed out that the charge failed to submit its defenses of contributory negligence as set out in the pleadings, and supported by the testimony, in an affirmative manner to the jury. This matter, having been called to the attention of the court by objections, was sufficient to require the submission of these issues, and the defendant was not bound to prepare such special issues in order to present this defect in the charge to this court. Gulf, C. & S. F. R. Co. v. Conley, 113 Tex. 472, 260 S. W. 561, 32 A. L. R. 1183; Wichita Valley Ry. Co. v. Williams (Tex. Com. App.) 288 S. W. 425.

[10] Special issue No. 5 inquired of the jury whether the plaintiff, before attempting to cross the railroad track at the time of the collision, used such care as a reasonably prudent person would have used, under the same or similar circumstances, in order to ascertain the approach of the train. If this can be construed to be a submission of the issue of contributory negligence, it was too general, in the face of the specific objections urged against the charge. Dallas Hotel Co. v. Fox (Tex. Civ. App.) 196 S. W. 647; Id., 111 Tex. 461, 240 S. W. 517.

The definition of "proximate cause," given by the court, may be correct in the abstract, but in the technical language in which it is couched it was subject to the objection urged against it, and the definition submitted by the defendant, we think, was more applicable to the case.

Because the court failed by special issues to affirmatively submit the facts alleged and proved, which tended to sustain the defendant's defense of contributory negligence, the judgment is reversed and the cause is remanded.