KANSAS CITY, M. & O. RY. CO. OF TEXAS
v. PERRY et al.   (No. 1082–4972.) *

Commission of Appeals of Texas, Section A.
May 16, 1928.

1. Negligence ☞4—"Ordinary care" does not necessitate perfect use of person's faculties, but may exist notwithstanding mistake in judgment.

Law does not require perfect faculties or perfect use of existent faculties, but only "ordinary care," which presupposes a margin of error and is erected upon the supposed doings of average man likely situated, making allowance for mistakes in judgment.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Ordinary Care.]

2. Railroads ☞303(1)—Railway owes some duty to travelers on highway to have crossings in fit condition.

Railway company owes some duty to have grade crossings in fit condition for use by highway travelers.

---

**3. Railroads ⬤═◼350(13)—Contributory negligence of deceased truck driver in approaching railway crossing held question for jury; "ordinary care."**

Contributory negligence of truck driver killed by train in crossing collision *held* question for jury irrespective of whether deceased failed to see or hear the train or saw and heard it and by mistake in judgment believed he would be able to cross in time; "ordinary care" requiring that quantum of caution appropriate to the peculiar facts of the case in which the standard is applied.

**4. Railroads ⬤═◼335(5)—Failure of truck driver to exercise proper care to discover train at crossing, if cause of injury, would preclude recovery, though collision after discovery of train could not be avoided.**

Truck driver who failed to discover train at crossing in time to avoid collision by subsequent use of proper care would still be guilty of contributory negligence, precluding recovery for his death, if he might have discovered train by use of proper care and such negligence caused accident.

**5. Trial ⬤═◼352(5)—Separate issues arose as to whether truck driver killed at crossing was negligent in failing to discover presence of train or in failing to avoid collision after discovering it (Rev. St. 1925, arts. 2184, 2185, 2189, 2190).**

In action for death of truck driver at railroad crossing, separate issues of fact arose as to whether deceased was contributorily negligent by virtue of failure to exercise proper care to discover presence of train or in failing to avoid collision after its discovery, under Rev. St. 1925, arts. 2184, 2185, 2189, 2190.

**6. Railroads ⬤═◼346(5)—Railroad sued for death of truck driver at crossing had burden to prove contributory negligence.**

In action against railroad for death of truck driver at crossing, burden of proof as to contributory negligence and as to special issues thereunder as to whether view was obstructed, truck was traveling at excessive speed, and whether excessive speed caused accident, was upon defendant.

**7. Trial ⬤═◼352(5)—Defendant in case tried on special issues has right to have each separate group of facts separately presented (Rev. St. 1925, arts. 2184, 2185, 2189, 2190).**

In case tried upon special issues, defendant has statutory right under Rev. St. 1925, arts. 2184, 2185, 2189, 2190, to have each group of facts, specifically pleaded and shown in evidence and sufficient to make a defense, separately presented free of intermingling.

**8. Trial ⬤═◼352(5)—General submission of question of contributory negligence in action for death at railroad crossing tried on special issues held error (Rev. St. 1925, arts. 2184, 2185, 2189, 2190).**

In action against railroad for death of truck driver at crossing, tried on special issues, submitting general question of deceased's contributory negligence *held* error under Rev. St. 1925, arts. 2184, 2185, where defendant objected,

since issue of contributory negligence was special issue within meaning of articles 2189 and 2190, with respect to which each group of facts was required to be separately submitted.

**9. Appeal and error ⬤═◼882(14)—Court's error in submitting question of contributory negligence generally in action tried on special issues was not invited where defendant's requests submitted question in separate issues (Rev. St. 1925, arts. 2184, 2185, 2189, and 2190).**

Where railroad, sued for death of truck driver at crossing, after objecting to general submission of contributory negligence in special issue under Rev. St. 1925, arts. 2184, 2185, 2189, and 2190, requested special issues relative to deceased's view of the crossing and speed of his truck and as to whether such speed proximately caused death and requested other issues relating to negligence in particular acts, some of which requests court submitted, court's error in submitting question generally was not invited.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Action by Mrs. Addie B. Perry and others against the Kansas City, M. & O. Railway Company of Texas. Judgment for plaintiff was affirmed by the Court of Civil Appeals (296 S. W. 683), and defendant brings error. Reversed and remanded.

D. J. Brookreson, of Benjamin, and Collins, Jackson & Snodgrass, of San Angelo, for plaintiff in error.

Raymond E. Buck and R. E. Rouer, both of Fort Worth, for defendants in error.

NICKELS, J. Defendants in error recovered judgment for damages for death of Mr. Perry following injuries received in a collision between a truck driven by him and a locomotive, etc., operated by plaintiff in error at the intersection of a public highway and the railroad. The judgment was affirmed by the Court of Civil Appeals, 296 S. W. 683. Writ of error was allowed on application presenting matters discussed below and others.

[1] (1) It is said that negligence as a matter of law, is attributable to Mr. Perry. Whether, in fact, he saw the train coming rests in inference, for he is dead and did not previously speak on the subject. He may have seen the train coming and yet have judged he could cross the track before the train got there. Of course, he was mistaken if that judgment was made. But perfect faculties or perfect use of existent faculties is not a requirement of law. The applicable standard of conduct, "ordinary care," erected upon the supposed doings of the average man likely situated, presupposes a margin of error and excludes requirement of infallibility. There is evidence of circumstantial import setting up hypothesis of actual sight of the oncoming train and mistaken judgment by

Mr. Perry. But that hypothesis, if converted into an established fact, would not inevitably give his acts the character of negligence. T. & N. O. Ry. Co. v. Harrington (Tex. Com. App.) 235 S. W. 188.

He may not have seen the train. If he did not see it, ignorance of its approach may (on the record) be ascribed to failure to look for it, or to something (not definitely explained) which prevented its view despite his lookout. Touching the second phase of the alternative just mentioned, there is testimony from which it may be inferred that the locomotive engineer kept a lookout but did not see Mr. Perry's truck until almost the instant of collision. True, the jury found the "view" was "unobstructed." But the question presented is whether a peremptory instruction favoring the railway company was properly overruled at a stage which preceded the jury finding; and the finding of an "unobstructed view" was itself made on conflicting evidence adduced in support respectively of averment by Mrs. Perry et al. of an obstructed view (charged to the company as negligence) and of averment by the company of "unobstructed view" in rebuttal and, also, as an element of Mr. Perry's asserted negligence.

He may or he may not have heard the rumble of the train. If he heard it, the hypothesis of mistaken judgment (mentioned above in connection with the possibility of actual sight) persists. If he did not hear, that might have been because he did not listen, or despite actual listening. There is evidence that he was slightly deaf and that he sat in a "cab" of the truck whose "curtains" were "up" so as to interfere with his "hearing." Those facts were pleaded by the company as an element of his negligence. There is evidence that the locomotive's whistle was not blown and that its bell was not rung. The truck was in motion and its noises, with the cab curtains up, may have kept him from hearing the noises of the train. The fact that he drove onto the crossing just in time to be hit and the supposed fact that nothing intervened to prevent discovery of the train are used as predicate for the claim that Mr. Perry neither looked nor listened. Part of the basic facts as shown are debatable as to existence. But if they were conclusively established, the matter of use of due care would still be open. T. & N. O. Ry. Co. v. Harrington, supra; Freeman v. G., H. & S. A. Ry. Co. (Tex. Com. App.) 285 S. W. 607.

[2, 3] The railway company owed some duty to have the crossing in fit condition for use of highway travelers. There is evidence indicative of conditions there which made use of the highway difficult, and, perforce, which might well have distracted attention from possible approach of a train, and thus have, in a measure, justified lack of that caution which otherwise may have been required. In one view of the record, the company's rails and ties arose considerably above the surface of the highway, and a ditch or "mudhole" lay in the approach to the "crossing" in such a position as that Mr. Perry had to divert his truck from the ordinary route of approach to the rails and ties. To the sum of these things must be added his possible reliance upon giving of statutory signals (bell and whistle) by locomotive operatives if a train were near, and the possibility (of which there is evidence) that the signals were not given. Of course, an argument could be made that mere presence of the obstacles mentioned ought have quickened rather than dulled Mr. Perry's anticipation of danger, since "ordinary care" (while not variable as a standard) requires that quantum of caution appropriate to the peculiar facts of the case in which the standard is applied. Comanche Duke Oil Co. v. T. P. C. & O. Co. (Tex. Com. App.) 298 S. W. 554, and cases there cited. But the appointed forum for debate about whether the conditions mentioned would provoke the average man to more caution or, contrarily, cause him to use less, is before and within the jury.

The evidence before the trial judge, when he refused the peremptory instruction, did not as a matter of law, in our opinion, establish contributory negligence.

(2) The answer of the railway company includes specific averments that Mr. Perry did not keep a proper lookout, did not use care to "look out," and discover the train, did not stop his truck or slow it down, and did approach the crossing with his "cab curtains up." Because of each and all of those things, it was alleged, he was contributorily negligent.

Enough has been stated in "(1)" above to show that actual "looking" and actual "listening," respectively, are issuable. as is also actual discovery of the train by "looking" or "listening," or both.

[4, 5] If, in fact, Mr. Perry did discover the train but not in time to avoid the collision by subsequent use of proper care, it would still be true that by the use of proper care he might have discovered it sooner. St. L., S. F. & T. Ry. Co. v. Allen (Tex. Com. App.) 278 S. W. 186, 188. A finding to that effect with a finding of proximate cause would have established a defense. Thus, it appears, separate issues of fact arose. Fox v. Dallas Hotel Co., 111 Tex. 461, 475, 240 S. W. 517.

The matter of contributory negligence was included in the court's charge in special issue No. 9 in these words:

"Was J. J. Perry guilty of negligence as in being where he was at the time he was struck and killed?"

The railway company seasonably objected that the issue as framed "generally covers all phases of contributory negligence issues," is in "direct conflict with and in violation of the special issue statutes which require the court to submit separately each group of

6 S.W.(2d)—8

facts relied on under the pleadings and evidence to constitute contributory negligence" and is "confusing and misleading," etc.

Subsequently, issues Nos. 1, 2, and 3 (pertaining to "obstructed" view, speed of Mr. Perry's truck and proximate result of that speed), shown on page 687 of 296 S. W., were given at request of the company.

[6] In respect to special issue No. 9, prepared by the court, and Nos. 1, 2, and 3, prepared by the company, the burden of proof was put on the company and this (with conditional special issue No. 9a, about Mr. Perry's negligence if found in response to No. 9, being a proximate cause of his death) made up the charge on contributory negligence as given to the jury.

[7] It is not to be doubted that the company had a statutory right (articles 2184, 2185, 2189, 2190, R. S. 1925) to have "each group of facts" (specifically pleaded and shown in evidence and sufficient to make a defense) separately presented free of all intermingling. Id.; Fox v. Dallas Hotel Co., supra; Northern Texas Traction Co. v. Gilbert (Tex. Civ. App.) 282 S. W. 850. The right was denied.

[8] The issue of contributory negligence, however, was submitted as shown, and as submitted it was a "special issue" within the meaning of articles 2189 and 2190. There was, then, a "defective or erroneous charge on a subject or issue which the court has undertaken to charge upon" (Fox v. Dallas Hotel Co., supra) for application of the rule announced in G., C. & S. F. Ry. Co. v. Conley, 113 Tex. 472, 475, 260 S. W. 561, 32 A. L. R. 1183, in consequence of which the error is reviewable on objections made (as they were made) in conformity with the terms of article 2185.

There is to be found in Freeman v. G., H. & S. A. Ry. Co. (Tex. Com. App.) 285 S. W. 607, 608, some language which (if read without a view of the exact case then before the court) purports conflict with what we have just said. Consideration of the case made and of the issues presented, as shown in that opinion and in the opinion of the Court of Civil Appeals (273 S. W. 979, 986, 987, 988), will disclose that the conflict is but apparent. The charge there as given by the court followed the language of the pleading, and error in that general submission of contributory negligence was not assigned (on objections made according to article 2185 or otherwise). The assignments which were made and considered related only to refusal of the trial judge to submit certain "special issues" as framed and requested by the defendant wherein contributory negligence (as proved) was separated into "groups of facts," it being urged that in view of the general nature of the submission (which, as noted, was not claimed to have been erroneous), the issues as requested ought have been given. On rehearing the Court of Civil Appeals held that

certain of the issues thus requested were improperly refused and a reversal and remand followed. That ruling was the subject of review by the Commission of Appeals (285 S. W. 607, 608), and in respect thereto the Commission held (a) there was no duty to submit the requested "issues" unless they were in proper form, and (b) they were not of that form. In course of the opinion it is said that "before the defendant would be entitled" to have "submitted a more specific statement of the defense" (in a case wherein the general submission is not "affirmatively erroneous" and wherein the defendant had timely objected on the score of generality), he "would have to request such issue in proper form." The point to which that discussion as made led was this: "If the requested issue is defective, it should be refused, and no error could, of course, be predicated upon such refusal."

In submitting contributory negligence in the manner named, despite the objections made, there was error.

(3) The railway company presented and requested (and the court refused) its special issue No. 4 (set out on page 687 of 296 S. W.), wherein inquiry was propounded whether Mr. Perry "was guilty of negligence * * * in driving his truck onto the crossing * * * under the circumstances and conditions shown by the evidence. * * *" In behalf of defendants in error, it is said that this was but a request for a general submission of the ultimate fact, and that, perforce, the error discussed above was invited.

[9] The record exhibits a series of "issues" requested in behalf of the company. Nos. 1, 2, and 3 were given (296 S. W. 687). No. 1 inquired whether "the view of the crossing * * * was * * * obscured"; No. 2 inquired whether Mr. Perry operated his truck at a speed exceeding six miles per hour; and No. 3, whether such speed, if found, proximately caused his death. Others, respectively, purported inquiries about: "Negligence * * * in driving * * * onto the crossing * * * under the circumstances and conditions shown by the evidence;" "negligence * * * in failing to stop * * * and look and listen;" "negligence in failing to keep a proper lookout;" "negligence in approaching the crossing with his cab curtains up, without looking and listening;" "negligence * * * in failing to discover the oncoming train," etc.

Special issue No. 4, requested by the company, as noted, relates to one act (i. e., "driving * * * onto the crossing"), and its position in the series of requests was sufficient to preclude any ground for belief in the trial judge that the company was consenting to or requesting that contributory negligence be submitted generally; the numerous requests taken separately or as a whole could not have meant other than a demand for separate submission of separate groups of fact.

The fact that the judge acceded in part and gave "issues" 1, 2, and 3 of the series demonstrates his understanding that the objections had not been waived or the manner of his submission approved. We do not find in the situation presented warrant for the proposition that the error was invited. See Southern Pacific Co. v. Green (Tex. Com. App.) 280 S. W. 198.

(4) Assignments are predicated upon refusal to submit "issues" requested in the manner described in "(3)" above and upon other matters. Questions there presented likely will not arise on the new trial, and their further consideration here is unnecessary.

(5) We recommend that the judgment be reversed and that the cause be remanded.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals both reversed, and cause remanded to the district court, as recommended by the Commission of Appeals.