**TEXAS INDEMNITY INS. CO. v. DAVIS.**
**No. 3437.**

Court of Civil Appeals of Texas. Amarillo.
July 2, 1930.

Rehearing Denied Sept. 10, 1930.

Don Emery and Walter L. Barnes, both of Amarillo, for appellant.

Caldwell, Gillen, Francis & Gallagher, of Dallas, for appellee.

JACKSON, J.

This suit was instituted in the district court of Hutchinson county, Tex., by the appellee R. F. Davis, to set aside an order of the Industrial Accident Board awarding him unsatisfactory compensation for alleged personal injuries and to recover of the appellant, Texas Indemnity Insurance Company, under the Workmen's Compensation Law of Texas (Rev. St. 1925, art. 8306 et seq., as amended).

Appellee alleges that in April, 1926, he was employed by the Phillips Petroleum Company, a corporation, in the capacity of a steel worker and carpenter's helper for a wage of $4.50 per day and continued in the service of said employer at said wage until the 18th day of August, 1928, when he was injured.

That his employer carried compensation insurance for the protection of its employees, including appellee, with the appellant. That on August 18, 1928, while engaged in the course of his employment on the premises of his employer in Hutchinson county, working on a scaffold about twelve feet high, steam passing through a steam pipe and a two-inch steam gate caused an explosion which hurled appellee to the ground. That by such explosion and fall he was severely and seriously burned and scalded; both bones in the left forearm were broken; that his pelvic bone was broken in two places; that the ligaments and muscles attached to the pelvic bone were stretched, bruised, and lacerated. That some of the fractures defectively united and others made no kind of union. That his arm is perished, withered, crooked, scarred, and useless. That he is unable to stoop over without great pain, unable to walk without pain so severe that it causes him to limp. That such injuries make it impossible for him to lift any object, bend his back at the hips either forward or to either side without suffering severe pain. He alleges rather extensively and in detail the injuries he received and the effect thereof, and pleads that such injuries are permanent and have totally and permanently disabled him from the performance of any and all manual labor and that he is not trained or prepared to follow any other vocation. That he is entitled, by reason of the premises, to compensation at the rate of 60 per cent. of his average weekly wage for the period of four hundred weeks from August 18, 1928. That his average weekly wage for the time which he had been with the Phillips Petroleum Company from April, 1926, to the date of injury, which was more than two years, was $25.96 per week. That 60 per cent. of said average weekly wage was for such time and at the time of his injury, $15.58, which amount appellant paid him weekly until October 28, 1928, when appellant refused to make further payments. That within six months from sustaining his

injury, he made claim for compensation to the defendant and to the Industrial Accident Board. That after due notice was given to all interested parties, the board heard his claim under the style of R. F. Davis, Employee, v. The Phillips Petroleum Company, Employer, and Texas Indemnity Insurance Company, Insurer, No. N–26238, and on February 28, 1929, made its final award and decision for his claim to compensation. That a certified copy of said award would be filed among the papers of the cause for jurisdictional purposes only. That within twenty days after said award he gave legal notice that he was unwilling to abide thereby and filed suit in the district court of Hutchinson county, Tex., to have said award vacated. He also makes the allegations relative to the necessity of employing lawyers to represent him and to entitle him to a lump sum settlement.

The appellant answered by general demurrer, special exception, and general denial.

In response to special issues submitted by the court, the jury found, in substance, that the appellee received injuries to his body on August 18, 1928, while working for the Phillips Petroleum Company; that such injuries were received in the course of his employment with said company; that the injuries the appellee sustained on August 18th resulted in total incapacity on his part to perform work or labor; that such total incapacity is permanent; that a manifest hardship and injustice would result unless payment was made in a lump sum rather than in weekly installments; that 6 per. cent. discount should be allowed on the unmatured weekly installments of compensation; that the average daily wage of the appellee for the year preceding the 18th day of August, 1928, was $4.50; that the appellee had not sustained an injury to his left arm at any time before August 18, 1928.

On these findings the court rendered judgment that the award made by the Industrial Accident Board to the appellee on the 28th day of February, 1929, be set aside and held for naught and that he have and recover of and from the appellant $5,211.67, etc., from which judgment this appeal is prosecuted.

 The appellant assigns as error the action of the trial court in overruling its general ·demurrer to appellee's petition because he failed to allege affirmatively or by reasonable intendment that the claim for compensation made before the Industrial Accident Board was for an amount in excess of $500, and he therefore failed in his petition to show that the district court had jurisdiction to hear and determine his case.

The only attack made on the jurisdiction of the district court is that appellee's petition failed to allege that the amount of the claim he filed with the board for compensation was in excess of $500. All other jurisdictional matters admittedly were complied with.

The amount that the appellee sought to recover in district court, as revealed by his petition, greatly exceeded the sum of $500, and about this there is no controversy. He alleged in his petition that his claim before the Industrial Accident Board was heard, and on the 28th of February, 1929, a final ruling was had on said claim, that a certified copy of the award would be filed among the papers in the district court for jurisdictional purposes, that he was unwilling to abide by said award, and within twenty days thereafter appealed from the said award to the district court of Hutchinson county, Tex. The record discloses that a certified copy of the claim he filed with the Industrial Accident Board and a certified copy of the order and award of said board were, in the absence of the jury, exhibited to the court during the trial of the case. These instruments show that plaintiff was awarded compensation by the Industrial Accident Board a sum much greater than $500.

The Commission of Appeals, in Travelers' Insurance Co. v. Peters, 14 S.W.(2d) 1007, 1008, says:

"Such jurisdiction must affirmatively appear and cannot be based upon a presumption. It therefore becomes necessary in a suit filed in any court to set aside such award to describe the award made by the Industrial Accident Board, in order that the court may determine whether it has jurisdiction of the subject-matter under the claim as made before such Board."

In that case the court says that the award was not attached to the pleadings, nor did it appear anywhere from the record that a copy thereof was filed with the papers or attached to any pleading in the case. A motion for rehearing was granted, and in the (Com. App.) 17 S.W.(2d) 457, in an opinion by the same judge, it is said:

"The petition did not contain a specific allegation as to the amount claimed before the Industrial Accident Board. It did show, however, the average weekly wage of the deceased and contained an allegation that defendants in error had made claim for compensation before the Industrial Accident Board 'in accordance with the law.'"

In this case the appellee did describe the award made by the Industrial Accident Board and exhibited a copy of his claim and such award to the court during the trial, which shows conclusively the court's jurisdiction.

In Texas Employers' Insurance Association ·v. Varner (Tex. Civ. App.) 20 S.W.(2d) 334, 335, it is stated:

"Appellant's first and second propositions are presented together. They complain that

the court erred in not sustaining its general demurrer to appellee's petition because said petition did not allege the amount for which claim was made before the Industrial Accident Board. It is insisted that said allegation was necessary to show jurisdiction in the court; that it was incumbent upon appellee to plead and prove that his claim before the board was in excess of $500, else the district court would not have jurisdiction to entertain and determine the action. The petition did not contain a specific allegation as to the amount claimed before the Industrial Accident Board, but because of the allegations relative to the average weekly wage, and the extent of the injury and incapacity suffered, and relief prayed for, and on the authority of Travelers' Insurance Co. v. Peters (Tex. Com. App.) 17 S.W.(2d) 457, these assignments are overruled."

In Casualty Reciprocal Co. v. Stephens (Tex. Civ. App.) 25 S.W.(2d) 180, 183, the court says:

"Appellant contends the trial court had no jurisdiction to hear and determine this cause, because it does not appear that appellee filed in the trial court the award as made by the Industrial Accident Board within twenty days after he gave notice of appeal. We overrule this contention. Article 8307, § 5, Revised Statutes (as amended by Gen. & Sp. Laws 40th Leg. [1927] c. 223, § 1 [Vernon's Ann. Civ. St. art. 8307]), lays down the specific things that must be done in order to give the trial court jurisdiction to hear and determine a case which has been appealed from the award as made by the Industrial Accident Board. None of said provisions require that said award be filed in the trial court at any time. There is no question but that this suit was filed within the twenty days. The award as made was introduced on the trial of the case to the court, but did not go to the jury, in order to show the court that it had jurisdiction to hear and determine the case. The question of establishing jurisdiction is not governed by any hard and fixed rule, but may be shown by any legal method. Texas Indemnity Co. v. Moss (Tex. Civ. App.) 18 S. W.(2d) 712."

See also Davies v. Texas Employers' Insurance Ass'n (Tex. Com. App.) 16 S.W.(2d) 524; Southern Surety Co. v. Eppler (Tex. Civ. App.) 26 S.W.(2d) 697; Texas Employers' Insurance Ass'n v. Nunamaker et al. (Tex. Civ. App.) 267 S. W. 749.

This assignment is not tenable under the facts revealed in this record.

■ The court instructed the jury in paragraph 5 of his charge, which preceded the fifteen special issues submitted therein, as follows:

"You are instructed that the burden of proof is upon the plaintiff to establish by a preponderance of the evidence facts that would authorize you to answer special issues Numbers 1, 2, 3, 4, 5, 7, 8, 9, 10, and 11 herein submitted in the affirmative, and the rate of discount, if any, in per cent, inquired about in special issue number 6, and the amount of money in dollars and cents inquired about in special issue No. 12, and if he has failed to so establish such facts, you will answer such special issues in the negative. You are further instructed that the burden of proof is upon the plaintiff to establish by a preponderance of the evidence facts that would authorize you to answer special issues 13, 14, and 15, in the negative. If he has failed to establish such facts, you will answer such special issues in the affirmative.

"The term 'preponderance of the evidence' means the greater weight of credible testimony."

The appellant duly objected and excepted to the instruction in said paragraph because the court therein advised the jurors the effect their answers to such issues would have on the judgment to be rendered, and informed them how such issues should be answered in order for the appellee to recover.

The facts upon which the appellee relied to recover were all put in issue by the pleadings. The following facts were put in issue by the testimony: Whether appellee was injured in the course of his employment; whether such injuries partially or totally incapacitated him from labor; whether such incapacity was temporary or permanent; whether he was entitled to a lump sum settlement; the amount of discount to be allowed; the amount of his daily wage; whether prior to his injury on August 18th he had received a previous injury and, if he had, whether such prior injury contributed to his incapacity and, if so, to what extent.

■ "When the special issues submitted are such that men of ordinary intelligence would be presumed to know the legal effect of their answers, no injury could result by counsel telling them something they already know." McFaddin et al. v. Hebert et al. (Tex. Com. App.) 15 S.W.(2d) 213, 217.

Were the issues in this case such that men of ordinary intelligence would be presumed to know the legal effect of their answers?

In McFaddin v. Hebert, supra, the court says:

"Clearly, the prime object, purpose, and intent of the law for submitting cases on special issues is to remove the jury from any bias in favor of, or prejudice against either party to the suit, to relieve them from the duty of directly passing on who shall prevail in the suit, and to make it the duty of the jury to answer each question truly as they find the facts to be from the evidence, without regard to what the result of their

answers may be. If the court or the attorney, or any one else, is allowed to tell the jury the legal result of the answers, and to appeal to them in argument to so frame their answers so as to accomplish a result rather than to answer the issues truly as they find the facts to be from the evidence * * * the law providing for special issue verdicts would be an idle and vain thing. * * * In the case at bar we are convinced that the argument set forth in the certificate of the Court of Civil Appeals, though made in good faith, was calculated to cause the jury to disregard their obligation as jurors to answer each question separately, truly, and distinctly, and amounted in law to an appeal to the jury to designedly agree on a result and so form their answers as to accomplish such result."

See also Simmonds et al. v. St. L., B. & M. Ry. Co. (Tex. Com. App.) 29 S.W.(2d) 989.

In Wootton et ux. v. Jones et al. (Tex. Civ. App.) 286 S. W. 680, 688, the trial court instructed the jury that:

"The burden of proof is upon the plaintiff to establish by a preponderance of the evidence the facts which will enable him to recover."

This charge was held to be error, and the court says:

"In order to apply a general charge on the burden of proof to the special issues submitted, the jury would of necessity be required to know the effect on the rights of the parties of each issue submitted."

In Quanah, Acme & Pacific Ry. Co. v. Hogland, 297 S. W. 761, 763, Chief Justice Hall, speaking for this court, after referring to the several general charges requested by the appellant, says:

"Each one of these general charges concluded by instructing the jury that, if they found in accordance with the facts set out in the charge, then they should answer certain interrogatories in a certain way.

"The court did not err in refusing to give these special charges for the reason that, under Revised Statutes (1925) articles 2184 and 2190, it is held that where a case is submitted upon special issues, general charges to find for either party, if certain facts be found, are improper. Worden v. Kroeger (Tex. Com. App.) 219 S. W. 1094; A. J. Anderson & Co. v. Reich (Tex. Com. App.) 260 S. W. 162; Freeman v. Galveston, H. & S. A. Ry. Co. (Tex. Com. App.) 287 S. W. 902; Id. (Tex. Com. App.) 285 S. W. 607."

In Texas Employers Insurance Association v. Adcock (Tex. Civ. App.) 27 S.W.(2d) 363, it is held to be reversible error when a cause is submitted upon special issues, to instruct that the burden of proof is upon one party to establish the affirmative thereof by a preponderance of the evidence and if he has not so established such issues, to answer same in the negative.

"It is ordinarily not proper for the court to charge the jury that the burden of proof upon an issue is upon the plaintiff, or upon the defendant, in cases submitted upon special issues, for the reason that the jury are not to be informed an answer to a special issue is favorable to plaintiff or defendant. Sunlite Co., Manufacturers v. Justice (Tex. Civ. App.) 257 S. W. 579; Ira Dell Davis et al. v. Eunice Alma Morrison (Tex. Civ. App.) 14 S.W.(2d) 296, and cases cited." Ford v. Couch et al. [Tex. Civ. App.] 16 S.W.(2d) 869, 870.

It is settled by our decisions that it is error for an attorney to advise the jury how to answer special issues in order for his client to recover unless the issues are such that an ordinary juror is presumed to know the effect of such answers without such advice Such information coming from the court in his charge, although in the utmost good faith, would, in our opinion, be much more prejudicial than such information coming from a lawyer in his argument and as a matter of law would probably result injuriously to the opposite side. We do not feel authorized to hold that the jurors in this case, although of ordinary intelligence, but without legal training, would have known the effect on the judgment of the answer to each special issue submitted by the court. The charge complained of not only informed the jurors that the burden was on appellee to establish his facts by a preponderance of the evidence, but also advised them in effect that if he failed to establish such facts and they failed to so answer, appellee could not recover. This assignment is sustained.

The other assignment urged by appellant, as presented and under the facts and circumstances revealed by the record, we do not think constitutes reversible error.

The judgment is reversed, and the cause remanded.