**NORRIS v. WHITE.**

No. 11013.

Court of Civil Appeals of Texas.
San Antonio.

July 23, 1941.

Rehearing Denied Oct. 1, 1941.

Samuels, Foster, Brown & McGee, Jim Gaddy Norris, and Hamilton Rogers, all of Fort Worth, and Robert Lee Bobbitt, of San Antonio, for appellant.

R. H. Wallace and Arnold & Cozby, all of San Antonio, for appellee.

MURRAY, Justice.

This suit was instituted by R. E. White, a Baptist preacher, against J. Frank Norris, another Baptist preacher, in the 73d District Court of Bexar County, seeking to recover damages alleged to have been sustained by him as a result of certain alleged libelous publications composed and circulated by appellant, J. Frank Norris, in "The Fundamentalist," a religious newspaper.

The case was submitted to a jury upon special issues and judgment entered upon the findings of the jury decreeing a recovery in White's favor and against Norris of $15,000 actual damages and $10,000 exemplary damages. From this judgment Norris has prosecuted this appeal.

Appellant's first three propositions present the contention that special issue No. 2 was multifarious and misleading.

Special issues Nos. 1 and 2, together with the answers of the jury thereto, are as follows:

"Special Issue No. 1: Do you find from a preponderance of the evidence that J. Frank Norris caused to be published in, and circulated by the July 1, 1938, issue of The Fundamentalist a statement reading substantially as follows:

" 'A certain dear Brother has the disease which is quite common, of taking himself too seriously, and measuring intellect by avoirdupois, and he could not stand rapid promotion and is now being used by the enemies of the work—a full page itemized expense account written in his own hand has been discovered on the records—handwriting that is recognized and it gives the full details of meals, pullman, railroad fare, etc., of a long trip, and then the auditor's report shows that this dear Brother charged expense for this same trip to the mission cause. Photostatic copies cannot be denied.

" 'What a pity, after howling so much about "expense of missions" and then be guilty of personal profit and gain—taking money out of sacred mission cause without authority, and that after the items of expense for the same trip written in his own hand covering a whole page, was paid for at the other end of the line.

Temple Baptist Church
14th Avenue at Marquette
Detroit, Michigan
Tyler 6-8100

G. Beauchamp Vick
General Supt.

Expense Account R. E. White
to Detroit Bible School

| | |
|---|---|
| Pullman from San Antonio to St. Louis | $ 6.40 |
| to Detroit | 2.00 |
| Railroad fare St. Louis to Detroit | 7.45 |
| Pullman | 2.40 |
| Meals San Antonio to Detroit | 6.75 |
| Return | |
| R. R. Fare to St. Louis | 7.45 |
| Pullman | 2.40 |
| Fare St. Louis to Vinitia Oklahoma | 5.88 |
| Pullman St. Louis to San Antonio | 7.50 |
| Meals en route San Antonio | 7.00 |
| Incidentals Detroit, laundry, etc | 4.25 |
| | $57.08 |

"Answer Yes or No. 'Yes.'

"Special Issue No. 2: Do you find from a preponderance of the evidence that the statement appearing in the July 1, 1938, issue of The Fundamentalist, quoted in Special Issue No. 1, had the effect on the minds of ordinary persons reading same of causing such persons to believe that R. E. White was guilty of taking money out of a sacred Mission fund for personal gain, without authority, to pay the expenses of a trip, when the expenses of that same trip were paid unto R. E. White by the Detroit Bible School?

"Answer Yes or No.

"We, the Jury, answer 'Yes.' "

Appellant contends that issue No. 2 is multifarious in that it submitted in one question a variety of questions upon which the jury was required to answer en masse "yes" or "no." We overrule this contention. The substance of this issue is to ask the jury whether or not the published article set out in issue No. 1 had the effect on the minds of ordinary persons reading it of causing them to believe that White was guilty of taking money out of a sacred Mission fund, without authority, for personal gain. The issue submitted but one ultimate question. The evidence is undisputed that White took money from either the Mission fund, or the expense account, that he used it in defraying the expenses of his trip to Detroit and that he was reimbursed for such expenses by the Detroit Bible School. The evidence is also undisputed that when he returned to San Antonio he paid back the money advanced to him. The ultimate issue is whether ordinary persons reading the article would

be caused to think that White had acted dishonestly in the matter. In a libel suit based upon a publication, one of the ultimate issues is the effect of the publication upon the minds of the ordinary readers. 27 Tex.Jur. 609.

The grouping and reciting of evidentiary facts, as a hypothesis for the submission of an ultimate issue, is not only permissible but often the necessary and proper way to submit the ultimate issue. 41 Tex.Jur. 1107, par. 276.

Appellant contends that the issue was meaningless, because it did not ask the jury whether the money came out of the "Expense Account" or out of the account which was to be used for Mission purposes only. If appellant wished to have the jury questioned as to which fund the money was taken from, he should have requested a special issue to that effect. Whether the money was taken out of the "Mission Fund" or the "Expense Account" could only have a bearing upon the guilt or innocence of White. The guilt or innocence of White would present a defensive matter, and the burden of soliciting such a finding from the jury was upon appellant. He should have presented a specially requested issue to that effect and not relied simply upon an exception to the charge. The new rules which do not go into effect until September 1st, but which state the law as it now exists, read in part as follows: "Rule 279. * * * Failure to submit an issue shall not be deemed a ground for reversal of the judgment, unless its submission, in substantially correct wording, has been requested in writing and tendered by the party complaining of the judgment; provided, however, that objection to such failure shall suffice in such respect if the issue is one relied upon by the opposing party." Harris v. Thornton's Dept. Store, Tex.Civ.App., 94 S.W.2d 849; Miller v. Fenner, Beane & Ungerleider, Tex.Civ. App., 89 S.W.2d 506.

Appellant's propositions 4, 5, 6 and 7 complain of special issue No. 3, which reads as follows: "Do you find from a preponderance of the evidence that R. E. White was innocent of the offense of taking money for personal profit out of a sacred Mission fund, without authority, for the expenses of a trip, when the expenses of the same trip were paid by the Detroit Bible School? Answer Yes or No."

The article set out in issue No. 1 charged that White was guilty of taking money without authority from a sacred Mission cause for personal profit, and the word guilty having been used in the article it was proper to ask the jury if White was guilty as charged in the article. The jury had already found, in answer to issue No. 2, that the public who read the article would be caused to believe that White was guilty. All of the facts stated in the article were probably true. The article failed to state that White had handed the $23 back to the Secretary-Treasurer of the Mission Fund when he returned to San Antonio. It was not so much the facts stated in the article, as it was the fact not stated, that caused the trouble. From the facts stated and the comment made upon the facts, the public was caused to believe, as found by the jury, that White had been guilty of the dishonest act of taking Mission funds for his own use. It was not improper to ask the jury if he was guilty of this dishonest conduct. If appellant wanted a finding that the article was true, it was his duty to plead and prove this fact and then present such issue in writing and request that it be submitted. The truth of the libelous article is a matter of defense and no part of plaintiff's cause of action. 27 Tex.Jur. 621, par. 20, and p. 748, par. 83; Harris v. Thornton's Dept. Store, supra; Miller v. Fenner, Beane & Ungerleider, supra; Freeman v. Galveston, H. & S. A. R. Co., Tex. Com.App., 285 S.W. 607; Missouri-Kansas-Texas Ry. Co. v. Cunningham, 118 Tex. 607, 23 S.W.2d 343, 350.

The ultimate issue was not whether certain evidentiary facts stated in the article were true or false, but whether White was guilty of the wrongdoing that the article caused the reading public to believe he had committed. Appellant's 4, 5, 6 and 7 propositions are overruled.

By his ninth and tenth propositions appellant presents the contention that special issue No. 4 was multifarious in that it contained more than one ultimate issue. We overrule this contention. This issue presented the one ultimate issue of "proximate cause."

Appellant's propositions 10, 11, 12, 13 and 14 present the general contention that special issue No. 5 is multifarious. We overrule this contention. This issue presents but the one ultimate issue as to whether or not appellant in publishing the article complained of was actuated by malice.

Appellant's propositions 15, 16, 17, 18 and 19 urge similar objections to issues 7, 8, 9, 10 and 11, as those urged to issues 2, 3, 4, and 5. Issues 7, 8, 9, 10 and 11 relate to the publication of a series of five articles in "The Fundamentalist" charging, in effect, that White was guilty of diverting to his own use $2,109.14 out of the Mission fund. These propositions are overruled for the same reasons and upon the same authorities above set out and discussed.

Appellant's propositions 20, 21, 22 and 23, in effect, present the contention that special issue No. 12 was multifarious. Issue 12 inquired of the jury whether the reading public would be caused to believe by the series of five articles, with reference to the $2,109.14 item, that White was guilty of diverting $2,109.14 out of the Mission fund and paying it to himself without authority. Appellant contends that the effect of the five articles should not have been inquired about in one question, but that the effect of each article should have been inquired about separately. We overrule this contention. The five articles were written about White; they all related to the same item of $2,109.14; they all charged, more or less, the same dishonesty; they were all published in the same weekly paper, and they were all read by the same reading public. It would have been difficult to divide these five articles in order to have the jury find just how much effect each article had on White's reputation. The illustration given in appellee's brief is quite appropriate: If a nail is driven into a board in five blows of a hammer it would be difficult to determine the effect of each blow, but it is a simple matter to determine that the five blows were jointly responsible for driving the nail into the board. In like manner, it would be difficult to determine just what effect each article had upon the mind of the reading public, but it is not difficult to determine that the five articles taken collectively caused the reading public to believe that White had appropriated to his own use $2,109.14 out of the Mission fund, without proper authority.

Propositions 24, 25, 26 are overruled, for the reasons given in our discussion of propositions 4, 5, 6 and 7.

Appellant's remaining propositions also relate to alleged errors in the charge as do all prior propositions. They are without merit and are overruled.

The judgment is affirmed.