WICHITA FALLS & W. RY. CO. v. WYRICK.

(Court of Civil Appeals of Texas. Amarillo. May 11, 1912.)

1. WATERS AND WATER COURSES (§ 178*)—WELLS—POLLUTION—DAMAGES.

The measure of damages for rendering a well worthless by overflows caused by construction of a railroad dump is the difference in market value of the real estate immediately before and after the injury.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. §§ 251–255; Dec. Dig. § 178.*]

2. APPEAL AND ERROR (§ 882*) — REVIEW—INVITED ERROR.

One may not complain of the giving of an instruction similar in effect to one requested by him.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3591–3610; Dec. Dig. § 882.*]

3. TRIAL (§ 261*)—INSTRUCTIONS—REQUESTS.

A requested special charge, though properly refused because submitting the same question both in the affirmative and negative, is sufficient to call the court's attention to omission of the issue in its main charge and to require it to submit it in a proper charge.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 484, 660, 671, 673, 675; Dec. Dig. § 261.*]

4. TRIAL (§ 203*)—INSTRUCTIONS—NEGATIVE OF ISSUES.

Defendant's requested charge merely presenting the negative side of plaintiff's case is properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 477–479; Dec. Dig. § 203.*]

5. TRIAL (§ 252*)—INSTRUCTIONS—EVIDENCE.

Refusal of a requested charge on an issue not raised by the evidence is proper.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 505, 596–612; Dec. Dig. § 252.*]

Appeal from Collingsworth County Court; R. H. Cocke, Jr., Judge.

Action by Jim Wyrick against the Witchita Falls & Wellington Railway Company. Judgment for plaintiff. Defendant appeals. Reversed and remanded.

R. H. Templeton, of Wellington, for appellant. Lackey & Lackey, of Wellington, for appellee.

HALL, J. This suit was instituted in the county court of Collingsworth county by appellee against appellant railway company for the recovery of the value of a well alleged to have been rendered worthless by being overflowed, and that the overflow was caused by the negligent construction of appellant's dump on and across appellee's land. There was judgment for $175 damages in favor of appellee, from which judgment this appeal is prosecuted.

[1, 2] Appellant correctly contends under the tenth assignment of error that the measure of damages in this case is governed by the general rule of damages to real estate, being the difference in the market value of such real estate immediately before and immediately after the completion of the injury, and the amended brief shows that appellant requested a special charge No. 7, embodying that rule, which was refused by the court. The amended brief, however, further shows that appellant requested special charge No. 4, in which the court is called upon to instruct the jury that the measure of damages was the reasonable market value of the property found to have been destroyed at the time and place and in the condition it was at the time of its destruction, with lawful interest thereon from date.

The charge of the court as given was doubtless influenced by special charge No. 4, and, where one has requested an instruction on an issue, he cannot contend on appeal that it was error to give an instruction similar in effect to the one so requested by him. I. & G. N. Ry. Co. v. Newman, 40 S. W. 854. We therefore overrule the tenth, sixteenth, and nineteenth assignments of error.

[3] The thirteenth assignment of error is based upon the refusal of the court to give special charge No. 1, to the effect that appellant could not be held liable for any damages which would have resulted to the well by overflow if the roadbed and culvert had not been built, etc. A special charge should have been given upon appellant's defense, to which this charge was intended to apply, but, since the charge as framed submits the same question for consideration of the jury, both in the affirmative and in the negative, it was proper to refuse it in that form. The special charge, however, was sufficient to call the attention of the court to the omission in its main charge on this issue and required the court to submit it to the jury in a proper charge, and constitutes reversible error. City of Sherman v. Greening et al., 73 S. W. 424.

[4] Special charge No. 2, bearing upon the right of appellant to build its roadbed and upon the issue as to the sufficiency of the culverts and sluices, should not have been given because it merely presents the negative side of the plaintiff's case.

[5] The twentieth assignment of error complains of the failure of the court to give special charge No. 8, upon appellant's defense, that the amount sought to be recovered herein was included in a former judgment. There is no statement following this assignment, and reference to the statement of facts shows that no testimony was introduced upon this issue. It is improper for the court to charge the jury upon an issue not raised by the evidence, and the court did not err in refusing to give this special charge.

For the error indicated, the judgment is reversed and the cause remanded.