HAWKINS v. COOK.　(No. 8225.)

(Court of Civil Appeals of Texas. Ft. Worth. June 19, 1915.)

1. EXCHANGE OF PROPERTY ⬧═5—CONTRACTS —RESCISSION.

Where defendant, who traded real property for machinery, discharged a lien upon the realty, plaintiff is not thereafter entitled to rescind.

[Ed. Note.—For other cases, see Exchange of Property, Cent. Dig. §§ 5, 6, 8–10; Dec. Dig. ⬧═5.]

2. SEQUESTRATION ⬧═21 — ACTIONS — DAMAGES.

Exemplary damages for wrongfully suing out a writ of sequestration cannot be awarded where there was no finding of actual damages.

[Ed. Note.—For other cases, see Sequestration, Cent. Dig. §§ 50–54; Dec. Dig. ⬧═21.]

3. APPEAL AND ERROR ⬧═747 — ASSIGNING OF ERROR—NECESSITY.

Where defendant did not assign cross-errors upon plaintiff's appeal, he waived errors prejudicial to him.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3053–3056; Dec. Dig. ⬧═747.]

Appeal from District Court, Tarrant County; Marion H. Brown, Judge.

Action by L. J. Hawkins against D. L. Cook, who counterclaimed. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

Lattimore, Cummings, Doyle & Bouldin, of Ft. Worth, for appellant. Stanley Boykin, of Ft. Worth, for appellee.

DUNKLIN, J. L. J. Hawkins and D. L. Cook consummated a trade, which consisted of an exchange of properties; Hawkins conveying to Cook a lot of farming implements, which were then in storage in the city of Ft. Worth, and Cook conveying to Hawkins

a house and lot situated in the town of Quinlan. Hawkins instituted this suit for a rescission of the trade, basing his claim therefor upon allegations in effect that in order to induce him to make such exchange Cook represented that the house and lot were free from incumbrance, when as a matter of fact the same were incumbered by a mortgage; that Hawkins relied upon that statement, and was induced thereby to make the exchange. At the time of the institution of the suit Hawkins sued out a writ of sequestration, which was levied upon the greater part of the farming implements, which were still in storage in Ft. Worth.

Cook denied the allegations of misrepresentation, admitting an incumbrance upon the house and lot at the time of the exchange, but alleging that plaintiff was informed thereof; that since that time the said lien had been fully paid off and discharged by the defendant, a release of which lien was tendered in his pleadings. Cook further pleaded a counterclaim against Hawkins, basing the same upon an allegation that he was induced to make the exchange by representations on the part of Hawkins that the farming implements which Hawkins conveyed to Cook consisted of full and complete sets of implements and machinery, which representations Cook thereafter discovered to be untrue. He further alleged the value of the missing implements, and prayed for judgment therefor. He further alleged that the writ of sequestration which had been sued out and levied upon the implements was sued out without probable cause, and that in suing out the same plaintiff acted maliciously and wantonly, and he prayed for damages, both actual and exemplary, for the issuance and levy of that writ.

A trial of the case resulted in a judgment denying Hawkins the rescission of the contract, and awarding to Cook upon his counterclaim a recovery against Hawkins for the sum of $39.45, as the value of the missing implements set out in Cook's counterclaim, and also awarding Cook the sum of $100 additional as exemplary damages for wrongfully suing out and levying the writ of sequestration. From that judgment, Hawkins has appealed.

By different assignments of error appellant insists that the verdict of the jury upon which the judgment was based was too vague and uncertain to support the judgment. While the verdict is exceedingly unusual in its form, we have reached the conclusion that, when it is interpreted in the light of the court's charge, it imports findings in accord with the judgment rendered. In addition to those findings, the jury further found in favor of Cook for two disc plows missing from the implements included in the trade, but did not find the value of such missing implements, and also in favor of Cook for the implements sequestered. These additional findings were ignored by the court in entering the judgment.

[1] The proof showed beyond controversy that the incumbrance existing upon the house and lot was duly cleared by Cook and a written release of that lien was tendered into court. The removal of that incumbrance conclusively precluded Hawkins from a rescission of the trade, under the issue of rescission as presented in the pleadings, and therefore the judgment denying plaintiff's right of rescission was proper. It was also proper to render judgment in favor of Cook against Hawkins for $39.45, found by the jury as the value of certain of the missing implements.

[2] But the verdict of the jury and judgment based thereon for $100 exemplary damages for wrongfully suing out writ of sequestration was erroneous, in that there was no finding of actual damages for suing out that writ. It is too well settled to require the citation of authorities that without actual damages as a basis no exemplary damages can be allowed for a wrongful use of judicial process. Clearly Cook was entitled to a judgment for the property that had been sequestered. If it has been replevied by the plaintiff, then the jury should have determined its value, so that judgment could have been rendered in accordance with the statutory provision governing in such cases. We are not informed by the briefs of either of the parties whether the property sequestered was still in the hands of the sheriff who levied the writ, or whether or not the same had been replevied by one or the other of the parties to the suit. Nor has the jury found the value of said property. Hence the record is not in such condition as to enable us to reform the judgment.

[3] Appellee has presented no cross-assignment of error to the action of the court in ignoring the finding of the jury that Hawkins should return two missing discs, or else pay Cook the value thereof. In other words, apparently, appellee has elected to abandon any claim for those implements. Neither does appellee complain of the failure of the court to, render a judgment in his favor for the property sequestered, which perhaps might be construed as an abandonment of that claim also. But for appellee's apparent abandonment of those two claims, and his insistence here that the judgment as rendered be affirmed, a serious question might arise whether or not the judgment from which the appeal has been prosecuted was a final judgment.

For the error pointed out the judgment is reversed and the cause remanded for another trial in accordance with the conclusions announced above.