**OLYMPIA TOWEL SUPPLY CO. v. PRADE et al. (No. 3765.)**

Court of Civil Appeals of Texas. Texarkana. Nov. 21, 1929.

Rehearing Denied Nov. 28, 1929.

for them. It is insisted, further, that there was no evidence showing what such difference amounted to and that therefore was no basis for a recovery by appellees of anything, against it. And further, it appearing, as asserted, that the delivery of the napkins was to be at said mill, that in no event were appellees entitled to recover anything against it on account of freight and storage paid by them on the napkins.

If we thought it conclusively appeared, as appellees assert it did, that delivery of the napkins to appellant was to be made at the mill, we would sustain the contentions specified. But the only evidence appellant has pointed out as sustaining its view of the matter, and we have found none other in the record, is that of appellee Julian Prade as a witness that the price of the napkins agreed upon was 71½ cents a dozen f. o. b. the cars at the mill.

We think the trial court had a right to construe that testimony as referring only to the price, and not as fixing the place of delivery of the napkins to appellant. 35 Cyc. 174, where it is said, "If the agreement is to sell goods 'f. o. b.' at a designated place such place will ordinarily be regarded at the place of delivery; but the effect of the 'f. o. b.' depends on the connection in which it is used, and if used in connection with the words fixing the price only it will not be construed as fixing the place of delivery."

There was testimony authorizing the court to conclude that when the napkins were shipped from the mill in North Carolina they were not consigned to appellant, but to appellee, who, on receipt of the mill company's invoices and bills of lading, made invoices of their own covering the shipments and sent same with the bills of lading to appellant. Copies of the invoices were admitted as evidence, it seems from a recital in the statement of facts, but same are not copied therein, nor is the contents thereof in any way shown in said statement. Hence this court is not informed, as the court below was, as to what, if anything, the invoices showed about the place where the napkins were to be delivered. It may be the invoices contained recitals as to that matter which with the other testimony referred to, if it was insufficient, would have authorized the court below to find that the delivery of the napkins was to be to appellant in Dallas. If the invoices contained no such recitals, appellant should have seen to it they were included in the statement of facts.

It appears from references thereto, by witnesses testifying in the case, that a number of other written instruments, consisting of letters, etc., relating to the transactions in question between appellant and appellees, were before the court, but it does not otherwise appear than inferentially that they were admitted as evidence. If they were they should have been made a part of the statement of

H. L. Henenberg, of Dallas, for appellant.
Marion S. Church and Coker & Wilson, all of Dallas, for appellees.

WILLSON, C. J. (after stating the case as above). Appellant insists it appeared delivery of the napkins to appellant was to be made f. o. b. the cars at a mill in North Carolina where they were to be and were made, and therefore that the measure of damages applicable to the case was the difference between the contract price of the napkins and the value of same at said mill in the condition they were in at the time the mill company was notified that appellant would not accept and pay

facts by copying them therein, or, in lieu of such copying, enough of the contents thereof to enable this court to determine their effect as evidence should have been carried into said statement.

■■ Under the circumstances stated we do not think it should be held that there was not sufficient evidence before the trial court to warrant a finding by him that the napkins were to be delivered by appellees to appellant in Dallas. If there was such evidence, then it should be assumed here in support of the judgment that that court made a finding accordingly. Article 2190, Rev. St. 1925.

■■ If the napkins were sold to appellant at the price of 71½ cents f. o. b. the cars at the mill, the inference would be, it seems to us, that appellant was to pay the cost of transporting them from the mill to Dallas. In that view, appellees having instead paid such cost, we see no reason why they should not have recovered the amount thereof of appellant and the storage charges as well. Sonka v. Chatham, 2 Tex. Civ. App. 312, 21 S. W. 948. It is not contended here that there was not evidence warranting a finding that the difference between the contract price of the napkins and their value in Dallas was not the sum awarded to appellees by the judgment. The contention is that the court erred in not submitting to the jury an issue as to the difference. A sufficient reply to the contention, we think, is that no request for the submission of such an issue was made by appellant. Article 2190, Rev. St. 1925; Ry. Co. v. Conley, 113 Tex. 472, 260 S. W. 561, 32 A. L. R. 1183; Pennington Produce Co. v. Browning (Tex. Civ. App.) 293 S. W. 935. Appellant cites Branton v. Robertson (Tex. Civ. App.) 14 S.W.(2d) 887, as a case supporting its insistence that, having objected to the court's charge because it did not submit an issue as to the amount of damages sustained by plaintiff, it was entitled to complain of the omission here, notwithstanding it did not request the submission of such an issue. But there the objection was to the manner of submitting an issue, and not as here because of the court's failure to submit an issue at all. The distinction between the effect of an objection to an issue as submitted and an objection to a charge because it does not submit as an issue something a party thinks should be submitted is pointed out in the Conley Case cited above.

■ The contention, with reference to testimony of appellee Julian Prade as a witness, that "approximately 3000 dozen of the napkins were made up on July 31, 1926, by the mills," is not entitled to consideration in the absence, as is the case, of an assignment of error in appellant's brief presenting same, and the absence, as is the case, of a bill of exceptions in the record supporting such an assignment.

As we view the record, the contention made by appellant that the judgment was for a greater amount than was warranted by appellees' pleadings is the only one it is entitled to have sustained. The prayer in appellees' petition was for a recovery of $1,304.24 and interest thereon from November 23, 1927, at the rate of 6 per cent. per annum. The $1,304.24 with interest, added to February 18, 1929, the date of the judgment, made a total of $1,400.96. The judgment was for $1,467, for $66.04 in excess of the sum appellees were entitled to recover according to the prayer in their petition. The judgment will be reformed so as to award them a recovery of said sum of $1,400.96, instead of said sum of $1,-467, and as so reformed will be affirmed.