## DONHAM v. RUGEL.
### No. 1018.

Court of Civil Appeals of Texas. Waco.
May 21, 1931.

Collins & Martin, of Hillsboro, for appellant.

Frazier & Averitte, of Hillsboro, for appellee.

628

BARCUS, J.

This suit was instituted by appellee against appellant to recover damages which he claims to have suffered in an automobile collision. In July, 1929, appellee was driving a Buick car going north on the Fort Worth pike near Itasca. The cement road at said place was eighteen feet wide. There was parked on the side of the road a car facing south, having stopped for some repairs. A Ford coupé was going south, and passed the parked car, and, just as it started to pass the parked car, appellant, also going south driving a Chevrolet, attempted to pass the Ford car. At the time appellant attempted to pass the Ford car, appellee was about fifty or sixty feet from the Ford car going north, and, in attempting to pass between the Ford car and the Buick car driven by appellee, appellant ran into appellee's car, and damaged same to the admitted extent of $850. Appellant's car was damaged admittedly $300 in the collision. Appellant filed cross-action against appellee for his damages.

The cause was tried to a jury, and the jury found that appellant was negligent in attempting to pass the Ford car, and that said negligence was the proximate cause of the injury. Based on said findings, the trial court entered judgment for the appellee for the agreed amount of damage to his car.

■ Appellant contends that the trial court should have instructed the jury to return a verdict in his favor on the theory that there was no negligence shown on his part. We overrule this contention. The testimony shows without dispute that appellant attempted to pass the Ford car when appellee was approaching from the opposite direction, and, in order for appellant to have passed the Ford car, he would have had to drive between the Ford car and appellee's car. The evidence shows that appellant was driving between thirty-five and forty-five miles an hour, that appellee was driving his car on his right-hand side of the road, and that his car was almost entirely off of the cement portion thereof, and that appellant struck appellee's car. The evidence abundantly supports the jury's finding that appellant was negligent, and that his negligence was the proximate cause of the injury. McCall v. Frenzel (Tex. Civ. App.) 32 S.W.(2d) 965; subdivision A, article 801, Penal Code.

■ By a number of assignments of error, appellant complains because the trial court did not submit certain special issues and certain definitions to the jury. Appellant made no request for said issues or special instructions to be submitted, and, in the absence of a special request, the errors, if any, are not reviewable by the appellate court. Article 2190 of the Revised Statutes; Gulf, Colorado &

Santa Fé Ry. Co. v. Conley, 113 Tex. 472, 260 S. W. 561, 32 A. L. R. 1183. There are some objections to the court's charge contained in the transcript and also two special issues. Neither the objections nor the special issues appear to be signed by counsel for appellant; neither do any of them appear to have been submitted to or acted upon by the trial court. The only special issue requested and refused by the trial court was the peremptory instructions requested by appellant. We have, however, examined the exceptions made and the special issues which are copied in the transcript, and, if same were in fact overruled and refused by the trial court, same show no error.

We have examined each of appellant's assignments of error and propositions thereunder, and same are overruled. The judgment of the trial court is affirmed.