MILLER v. FENNER, BEANE & UNGER-LEIDER et al.

No. 1501.

Court of Civil Appeals of Texas. Eastland.

Nov. 1, 1935.

Rehearing Denied Jan. 3, 1936.

J. Cleo Thompson, Edward C. Meek, Esir Tobolowsky, and Grady Niblo, all of Dallas, for plaintiff in error.

Eckford & McMahon and Smithdeal, Shook, Spence & Bowyer, all of Dallas, for defendants in error.

FUNDERBURK, Justice.

This is an action primarily seeking the recovery of damages for false imprisonment. J. P. Miller brought the suit against the members composing the copartnership of Fenner, Beane & Ungerleider, and against Fidelity & Deposit Company of Maryland, and Hartford Accident & Indemnity Company. Plaintiff alleged, in substance, that the defendants entered into a conspiracy to cause his arrest without warrant, in pursuance of which he was arrested without warrant by members of the Dallas police department, in which transaction he was assaulted and re-

strained of his liberty, and by reason whereof he suffered damages, actual and exemplary.

The defendants pleaded a general demurrer, general denial, and special pleas deemed unnecessary particularly to notice. The case was submitted to a jury upon special issues, only a few of which were answered. By such partial verdict the jury found that at the time the officer Parker arrested the plaintiff he had been informed by some reputable person, and believed at the time of the arrest that the plaintiff had in his possession securities which had been stolen; that Captain Bunch of the Dallas police had not assaulted plaintiff; that officer Parker had not assaulted plaintiff; that the stock certificates which were in the possession of plaintiff at the time of his arrest had been stolen; that at the time of plaintiff's arrest he was not in a suspicious place under circumstances which reasonably showed that he had received property which had been acquired by another by theft.

Questions submitted to the jury and not answered sought to elicit findings as follows: (1) Whether the defendants directed or requested the arrest of plaintiff. If so (2) which of the defendants directed or requested such arrest. And if the last-named question was answered (3) in what manner, if any, did said defendants, if any, direct or request such arrest. The jury was directed to answer the last question "none," or by writing upon lines provided (a) the language, if any, used by the defendant; (b) the acts, if any, used by the defendant; and (c) the conduct, if any, used by the defendant in directing or requesting the arrest of plaintiff. (4) In this special issue, the jury was directed that if they had answered No. 3 by writing the language used, then to answer by giving the date such language was used, place where the same was used, the name of the person or persons using such language, and the person or persons to whom such language was used. They were further directed that if they had answered by writing the conduct used by the defendants in directing or requesting the arrest, then to give the date, place, parties present at the conduct, giving in detail all such conduct. (5) Whether the officer Parker arrested the plaintiff on his own responsibility. (6) What amount of money would compensate the plaintiff for actual damages. (7) What amount of money would compensate the plaintiff for exemplary damages.

Upon the discharge of the jury, plaintiff presented a motion to the court to declare a mistrial. The defendants presented a motion for judgment upon the answers of the jury to the special issues upon which they had made findings, and also to enter judgment in favor of the defendants and against the plaintiff non obstante veredicto, setting forth as reasons for the latter that the undisputed evidence showed that the officer, Parker, in arresting the plaintiff, acted upon his own responsibility; that the undisputed evidence showed that the defendants, neither singly nor collectively, directed or requested or procured the officer arresting Miller to make such arrest. The trial court overruled the motion of the plaintiff and sustained the motion of the defendants, and entered judgment in all things purporting to be rendered upon the verdict of the jury as found and returned.

■ We think the judgment from which the appeal is prosecuted by plaintiff Miller must properly be regarded as a judgment based upon the verdict of the jury, and not a judgment rendered notwithstanding the verdict. The record shows no notice to the plaintiff of a motion to render a judgment non obstante veredicto, and there is no recitation of plaintiff's appearance upon the hearing of the motion. The reasons given to support the motion for judgment non obstante veredicto were not such as come within the purview of the statute (Vernon's Ann.Civ.St. art. 2211) authorizing such judgment, since the issues which it was contended were established by the undisputed evidence were among those not answered. The statute has no application to issues submitted to, but not found by, the jury. Wagstaff v. North British & Mercantile Ins. Co., Ltd. (Tex.Civ.App.) 88 S.W.(2d) 550.

Defendants in error by their first counter proposition contend, among other things, that plaintiff failed to prove any act of the defendants, or any of them, showing that they, or any of them, caused or contributed to cause his arrest and detention, but that, on the contrary, the uncontradicted evidence shows that the arresting officer acted on his own initiative and that alone, by reason whereof it is asserted that plaintiff is not entitled to any recovery from them, or any of them, and the court should have granted their

motions for an instructed verdict, and if anything complained of by plaintiff was error, it was harmless and immaterial, and the judgment should be affirmed. This counter proposition being one of nineteen under the heading "Counter Propositions or Points upon Which Defendants Rely" presents, preliminarily, an important question of practice. In so far as the facts which it is contended in said counter proposition were established by the undisputed evidence were embraced in the issues or questions submitted to the jury and constituted material issues made by the pleadings and upon which the jury returned no verdict, we are of the opinion that this court is without lawful authority to consider whether the undisputed evidence established such issues and to affirm the judgment solely upon that basis. In order to present that question it was necessary that defendants in error object to the submission of the issues upon the ground that there was no evidence to authorize their submission, and to present the court's action to this court for review under cross-assignments of error. Only one of these requisites is reflected by this record. Defendants in error made proper objection, but they filed no cross-assignments of error.

■ Assignments of error are designed to accomplish several distinct and important purposes. One is to point the court to the particular rulings or ground of error on which the party intends to rely for reversing the judgment. Fisk v. Wilson, 15 Tex. 430, 435; Byrnes v. Morris, 53 Tex. 213; Legon v. Withee, 25 Tex. 350; Clements v. Hearne, 45 Tex. 415; Randall v. Carlisle, 59 Tex. 69. It is no less certainly one of the functions of an assignment of error to apprise the adverse party of the rulings, actions, or other parts of the proceedings as to which it is his purpose to contend that there was error. Same authorities. The ultimate purpose to be served by pointing out to the court by means of assignments of error, the particular ruling, action, or part of the proceedings is to conserve the time of the court and enable the court to accomplish in a given time a greater amount of work and thereby better serve the public interest. This idea is particularly stressed in decisions such as Clements v. Hearne, supra; Randall v. Carlisle, supra; Pearson v. Flanagan, 52 Tex. 266; Legon v. Withee, supra. To accomplish such purpose it was

necessary to give to assignments of error the effect of waiving all errors except fundamental errors, in any of the rulings, actions, or parts of the proceedings not embraced in the assignments of error. Panhandle & S. F. Ry. Co. v. Burt (Tex. Civ.App.) 71 S.W.(2d) 390, and authorities there cited. Regarding the purpose of the law and the one exception, it is correct to say that the authority of the Courts of Civil Appeals to review the rulings, actions, or other parts of the proceedings in a suit in the trial court is limited to errors particularly pointed out in assignments of errors and to fundamental errors. Clonts v. Johnson, 116 Tex. 489, 294 S.W. 844. See, also, other authorities cited in Panhandle & S. F. Ry. Co. v. Burt, supra.

■ If it becomes necessary for an appellee or a defendant in error to invoke the authority of. the appellate court to determine the existence of error, not fundamental, in any ruling, action or other part of the proceedings of the trial court whether to obtain further relief in a judgment awarding partial relief, or to sustain the judgment in his favor upon some other basis, or for some other reason than that upon which it was predicated by the trial court, then it is necessary to present such matters by cross-assignments of error. Western Union Telegraph Co. v. Cates (Tex.Com.App.) 291 S.W. 193, 194; Garrison v. Dallas Ry. & Terminal Co. (Tex.Civ.App.) 33 S.W.(2d) 295, 296; Galveston, H. & S. A. Ry. Co. v. Reitz, 27 Tex.Civ.App. 411, 65 S.W. 1088; Clay County v. Merchants' & Planters' Bank (Tex.Civ.App.) 264 S.W. 163; · W. L. Moody Cotton Co. v. Heard (Tex.Civ. App.) 243 S.W. 594; Hill v. Lester (Tex. Civ.App.) 69 S.W.(2d) 474; Garitty v. Halbert (Tex.Civ.App.) 235 S.W. 231; Hardwicke v. Trinity Universal Ins. Co. (Tex.Civ.App.) 89 S.W.(2d) 500; Smith Detective Agency & Night Watch Service v. Town of Highland Park (Tex.Civ. App.) 5 S.W.(2d) 598; Muller v. Mc-Laughlin, 37 Tex.Civ.App. 449, 84 S.W. 687; Norvell-Shapleigh Hardware Co. v. Hall Novelty & Machine Works (Tex. Civ.App.) 91 S.W. 1092; Roemer v. Traylor, 60 Tex.Civ.App. 437, 128 S.W. 685; Woods-Taylor & Co. v. Smith (Tex.Civ. App.) 288 S.W. 1090; Mitchell v. Rushing, 55 Tex.Civ.App. 281, 118 S.W. 582; Watkins Co. v. Gibbs (Tex.Civ.App.) 66 S.W.(2d) 355; Prairie Lea Production Co. v. Lincoln Tank Co. (Tex.Civ.App.) 294

S.W. 270; Tripplehorn v. Ladd-Hannon Oil Corporation (Tex.Civ.App.) 8 S.W. (2d) 217; Read v. Gibson & Johnson (Tex.Civ.App.) 12 S.W.(2d) 620; Merchants' & Planters' State Bank v. Brewer (Tex.Civ.App.) 286 S.W. 253; Stevens v. Wichita Valley Ry. Co., 45 Tex.Civ.App. 196, 100 S.W. 807; Hume v. Carpenter (Tex.Civ.App.) 188 S.W. 707; Phœnix Ins. Co. v. Ward, 7 Tex.Civ.App. 13, 26 S.W. 763; Gibbs v. Eastham (Tex.Civ. App.) 143 S.W. 323; Tarrant County v. Rogers, 104 Tex. 224, 135 S.W. 110, 136 S.W. 255; Hawkins v. Cook (Tex.Civ. App.) 178 S.W. 624; Burns v. Falls, 23 Tex.Civ.App. 386, 56 S.W. 576; Wilkerson v. Jones (Tex.Civ.App.) 40 S.W. 1046; Blum v. Moore, 91 Tex. 273, 42 S. W. 856.

In Western Union Telegraph Co. v. Cates, supra, it appears that the Court of Civil Appeals (282 S.W. 661) had indicated a doubt whether there was any evidence to sustain a particular finding necessary to support the judgment held to be sustainable on other grounds. The Commission of Appeals having concluded that the Court of Civil Appeals was in error in affirming the case therefore had for consideration whether it would render judgment based upon such finding, or remand the case to the Court of Civil Appeals for possible disposition regardless of the finding. The court said: "There is no cross-assignment by" appellee "attacking such finding and asking a review of it. In this state of the record the Court of Civil Appeals *would not be authorized* to set aside the finding, whatever its opinion as to the sufficiency of the evidence." (Italics ours.) A correct statement and proper application of the rule, we think, is to be found in Garrison v. Dallas Ry. & Terminal Co., supra, in which appellee contended that certain misconduct of the jury on account of which the appellant sought reversal was immaterial or harmless because the undisputed evidence showed that the plaintiff was, as a matter of law, guilty of contributory negligence, and the only proper judgment was for appellee. The court, in disposing of this contention, said: "If it is not a sufficient answer to this contention to say that it does not appear from anything in the record that appellee objected to the submission to the jury of the issues as to contributory negligence on the part of appellant, and therefore is in the attitude of agreeing that the evidence made an issue as to whether appellant was guilty of such negligence or not (Gonzales v. Flores (Tex.Civ.App.) 200 S.W. 851; Hair v. Wichita Valley Ry. Co. (Tex.Civ.App.) 274 S.W. 247; Rosenthal Dry Goods Co. v. Hillebrandt (Tex.Com.App.) 7 S.W.(2d) 521; International & G. N. Ry. Co. v. Vanlandingham, 38 Tex.Civ.App. 206, 85 S.W. 847), it is, we think, a sufficient one to say that appellee is not entitled to have the insistence considered here, because it is not presented by a cross-assignment of error filed in the court below and carried into its brief filed here. Gladney v. Pate (Tex. Civ.App.) 29 S.W.(2d) 794; Yost v. Wilson (Tex.Civ.App.) 27 S.W.(2d) 286; Western Union Tel. Co. v. Cates (Tex. Com.App.) 291 S.W. 193; Merchants' & Planters' State Bank v. Brewer (Tex.Civ. App.) 286 S.W. 253; Morrison v. Brooks (Tex.Civ.App.) 189 S.W. 1094; Austin v. Bain (Tex.Civ.App.) 283 S.W. 638; Electric Express & Baggage Co. v. Ablon, 110 Tex. 235, 218 S.W. 1030." The court then makes the following important, and, we think, correct deduction from the authorities and the then existing statutes: "As shown by the cases just cited, it has been repeatedly held that matters relied upon to support a judgment, notwithstanding errors which otherwise would require its reversal, must be presented by cross-assignments filed in the trial court." A subsequent amendment of R.S.1925, art. 1844 (Vernon's Ann.Civ.St. art. 1844) dispensing with the filing of assignments of error in the trial court, but which, as held in Lamar-Delta County Levee Imp. Dist. v. Dunn (Tex.Com.App.) 61 S.W. (2d) 816, and other cases, leaves in full force the requirement that they be embodied in the briefs is the only modification of the above to make it at this time a correct statement of the law. If, as held in some cases, at least one by this court, [Gillean v. Witherspoon (Tex.Civ.App.) 121 S.W. 909; Smalley v. Paine, 62 Tex. Civ.App. 52, 130 S.W. 739; Rodgers v. Farmers' Bank (Tex.Civ.App.) 264 S.W. 491; Standard v. Texas Pacific Coal & Oil Co. (Tex.Civ.App.) 47 S.W.(2d) 443] the appellate court may, without a cross-assignment of error, consider the state of the evidence to determine if an otherwise reversible error is harmless, then some of the most important purposes of assignments of error fail. In this case the statement of facts consists of 957 pages. We are convinced both upon reason and authority that time devoted to public serv-

ice should not be employed to determine whether certain issues were established by the undisputed evidence when no action or ruling involving such question is presented by any of the assignments of error of the plaintiff in error, or cross-assignment of error of defendants in error.

 In stating the contention of the defendants in error set forth in their first counter proposition, we intentionally omitted the first clause reading as follows: "Because plaintiff failed to prove the alleged conspiracy," etc. This directs our attention to a situation which involves another question of practice. No issue was submitted to the jury calling for a finding of the existence, or not, of the alleged conspiracy. Plaintiff in error presents no assignment of error complaining of the refusal of any request for the submission of such issue. A careful reading of the plaintiff's petition convinces us that the allegations of a conspiracy between the defendants and of which members of the Dallas police department, including the arresting officers, were parties, were essential to the statement of any cause of action. The pleading did not purport to state a cause of action against any of the defendants that did not include the existence of the alleged conspiracy as an essential element thereof. The pleadings referring to the conspiracy in some places as "collusion" and in others as "connivance" contained allegations like these: "That the officers, agents and representatives of each and all of the defendants named herein were in collusion with each other and between themselves and with each other, together with the Dallas police department, and procured the illegal and unlawful arrest of the plaintiff herein, and by their acts, and each of their acts, caused him to be arrested without a warrant and falsely imprisoned as in this petition set forth." In another place it was alleged of the defendants Fenner, Beane & Ungerleider, that in reference to certain matters they were "at the same time conspiring with the defendant Fidelity and Deposit Company of Maryland and Hartford Accident & Indemnity Company, and with the New York and Dallas police authorities to cause the arrest without warrant of said plaintiff" etc. Other expressions are: "At the instance and malicious connivance;" "as the result of the wrongful malicious acts of each and all of the defendants and by reason of their collusion with and between and among themselves;" "as the result of their collusion and connivance with the Dallas police department and between themselves," etc.; "that the conspiracy on the part of the defendants, their servants, agents and employees conniving with the police officers hereinabove named was the proximate cause" etc. "Plaintiff would further show to the court that as the result of his unlawful and illegal arrest directly and proximately *resulting from the collusion and connivance between the defendants and each of them as in the petition set out,"* etc. (Italics ours.) There is wholly absent from the pleadings any allegations designed to show a cause of action against any particular defendant except that such defendant was claimed to be a party to the alleged conspiracy to bring about the arrest of the plaintiff without warrant. It is therefore apparent that an essential issue tendered by the plaintiff's pleadings was not only not found by the jury, but was not submitted to the jury. Under such circumstances, it is not necessary for us to search the statement of facts to determine the condition of the evidence relating to such an issue. Defendants in error were under no duty to procure the submission of such issue. It should undoubtedly now be regarded as well established that one party to a suit is under no duty to procure the submission of any issue as to which the burden is upon his adversary to establish. Citizens' Nat. Bank of Brownwood v. Texas Compress Co. (Tex.Civ. App.) 294 S.W. 331 (the holding upon this point was quoted with approval in Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084); Texas City Transp Co. v. Winters (Tex.Com.App.) 222 S.W. 541; Galveston, H. & S. A. Ry. Co. v. Price (Tex.Com. App.) 240 S.W. 524; Turner v. Missouri, K. & T. Ry. Co. (Tex.Civ.App.) 177 S.W. 204; Christian v. Dunavent (Tex.Civ. App.) 232 S.W. 875; Alexander v. Good Marble & Tile Co. (Tex.Civ.App.) 4 S. W.(2d) 636; Brown v. Weir (Tex.Civ. App.) 293 S.W. 916; Panhandle & S. F. Ry. Co. v. Burt (Tex.Civ.App.) 71 S.W. (2d) 390, 391; Continental Oil Co v. Berry (Tex.Civ.App.) 52 S.W.(2d) 953; Walling v. Rose (Tex.Civ.App.) 2 S.W.(2d) 352; Tripplehorn v. Ladd-Hannon Oil Corporation (Tex.Civ.App.) 8 S.W.(2d) 217. The result is that plaintiff has waived the issue of conspiracy and is entitled to no judgment, unless upon a cause of action as to which conspiracy is no element thereof. As said above, we think the only prop-

er construction of the plaintiff's' pleadings is that no such cause of action was·attempted to be stated. In the absence of a determination of the issue of conspiracy favorably to the plaintiff, the only judgment the court could render which would, as required, be supported by the pleadings, was a judgment for the defendants in error. Had all the unanswered questions submitted to the jury been answered in favor of the plaintiff, for the reason just stated, the only judgment supported by the pleadings would be a judgment for the defendants in error. All this appears from the face of the record. No cross-assignment of error is necessary. The effect of such a showing by the record is to render the issues submitted to and not found by the jury immaterial. It is not necessary that they be immaterial under all circumstances. It is sufficient that it appear that under the facts disclosed by the record they cannot be material in this case. Immaterial issues may be disregarded, not only by this court, but by the trial court. Magnolia Pet. Co. v. Connellee (Tex. Com.App.) 11 S.W.(2d) 158, and authorities there cited. We are therefore of the opinion that unless some of the assignments of error of the plaintiff in error present errors which were prejudicial independently of the conclusions above stated they must all be regarded as harmless.

■ Considering the last-named question, it is to be observed that many of plaintiff in error's assignments complain of the admission of evidence. In every such case we think the evidence was admissible upon the issue of conspiracy, but whether with reference to the admission of evidence of other things at any rate, the errors assigned, if errors, cannot be said to have remotely influenced the lack of a finding upon the essential issue of conspiracy.

We therefore conclude that the record discloses that the only judgment which could properly have been rendered was the judgment which the court did render, and that it should therefore in all things be affirmed, which is accordingly so ordered.

### On Rehearing.

■ Plaintiff in error in his motion for rehearing argues that he requested submission of the issue of conspiracy by his request for the submission of an issue reading as follows: "Do you find from a preponderance of the evidence that on or about August 8, 1933, defendants, or either of them, without warrant, caused or contributed towards the arrest of J. P. Miller, plaintiff herein?" It seems to us the mere statement of the requested issue is sufficient to show that it was not one making inquiry as to the existence, or not, of a conspiracy.

As an alternative, it is insisted that if the requested issue was incorrect, it was sufficient to call the court's attention to the omission, making it the duty of the court to submit a correct issue of conspiracy "and the action of the court in refusing such requested issue and in failing to submit a correct issue is reversible error." In reply to this contention, eminent counsel for defendants in error say, "There is no controversy on the proposition that where the issue is suggested in a requested charge, although in itself erroneous, if there is a suggestion to call the court's. attention to the omission the court should submit a proper instruction on that issue." In other words, defendants in error accept as correct the proposition contended for by plaintiff in error and rely alone upon the showing that the requested issue did not suggest the omitted issue of conspiracy. We agree that even if the law is as defendants in error concede it to be, the requested issue did not suggest the omission of the issue of conspiracy.

However, notwithstanding such concession on the part of the defendants in error, we cannot agree that it is at the present time a correct statement of the law to say that the entire omission by the court to submit a special issue joined by the pleadings and supported by the evidence is reversible error at the instance of the party charged with establishing such issue in the absence of a timely request for its submission having been made by such party, including as a part of such request a correct statement of the issue. The proposition of plaintiff in error was, prior to the amendment in 1913 of R.S.1911, art. 1970, and certain other articles of the statutes (now R.S.1925, arts. 2184 to 2190, inclusive), undoubtedly correct. Freybe v. Tiernan, 76 Tex. 286, 13 S.W. 370; Gulf, C. & S. F. Ry. Co. v. Cusenberry, 86 Tex. 525, 26 S.W. 43; Cleveland v. Empire Mills, 6 Tex.Civ.App. 479, 25 S.W. 1055; Carpenter v. Dowe (Tex.Civ.App.) 26 S.W. 1002; Thompson-Houston Electric Co. v. Berg, 10 Tex.Civ.App. 200, 30 S.W. 454; Leeds v. Reed (Tex.Civ.App.)

36 S.W. 347; Sharrock v. Ritter (Tex. Civ.App.) 45 S.W. 156; Neville v. Mitchell, 28 Tex.Civ.App. 89, 66 S.W. 579; Johnston v. Johnston (Tex.Civ.App.) 67 S.W. 123; Gulf, C. & S. F. Ry. Co. v. Mangham, 29 Tex.Civ.App. 486, 69 S.W. 80; Houston & T. C. Ry. Co. v. Turner, 34 Tex.Civ.App. 397, 78 S.W. 712; McAdams v. Hooks, 47 Tex.Civ.App. 79, 104 S.W. 432; Dallas Consol. Electric St. Ry. Co. v. Pettit, 47 Tex.Civ.App. 354, 105 S. W. 42; Missouri, K. & T. Ry. Co. v. Smith, 49 Tex.Civ.App. 610, 108 S.W. 1195; Rushing v. Lanier, 51 Tex.Civ.App. 278, 111 S.W. 1089; Warren v. Kimmell (Tex.Civ.App.) 141 S.W. 159; Wichita Falls & W. Ry. Co. v. Wyrick (Tex.Civ. App.) 147 S.W. 694; Quanah, A. & P. Ry. Co. v. Galloway (Tex.Civ.App.) 154 S.W. 653; Stirling v. Bettis Mfg. Co. (Tex.Civ.App.) 159 S.W. 915.

The amendment of said statutes in 1913 worked important changes in procedural law, as recognized and declared in many decisions, such, for instance, as Gulf, C. & S. F. Ry. Co. v. Conley, 113 Tex. 472, 260 S.W. 561, 32 A.L.R. 1183; Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S.W. 517; Robertson & Mueller v. Holden (Tex.Com. App.) 1 S.W.(2d) 570. Not all of these changes have up to the present time been clearly named or defined. Before and after some of the changes were declared by the Supreme Court, a number of other decisions rendered since 1913 upon the point in question have been to the same effect as the prior decisions. American Glycerin Co. v. Kenridge Oil Co. (Tex. Civ.App.) 295 S.W. 633; Olds Motor Works v. Churchill (Tex.Civ.App.) 175 S. W. 785; Brady v McCuistion (Tex.Civ. App.) 210 S.W. 815, 816; Roberts v. Houston Motor Car Co. (Tex.Civ.App.) 188 S.W. 257; Texas Refining Co. v. Alexander (Tex.Civ.App.) 202 S.W. 131; McNabb v. McNabb (Tex.Civ.App.) 207 S. W. 129; Rounds v. Coleman (Tex.Civ. App.) 214 S.W. 496; Graves v. Haynes (Tex.Com.App.) 231 S.W. 383; Davis v. Morris (Tex.Civ.App.) 257 S.W. 328; Quanah, A. & P. Ry. Co. v. Hogland (Tex.Civ.App.) 297 S.W. 761; St. Louis, S. F. & T. Ry. Co. v. Houze (Tex.Civ. App.) 28 S.W(2d) 865; Southwestern Sewer Co. v. Morris (Tex.Civ.App.) 26 S. W.(2d) 311; St. Louis Southwestern Ry. Co. v. Hill Bros. (Tex.Civ.App.) 58 S.W. (2d) 861; Meinen v. Muesse (Tex.Civ. App.) 72 S.W.(2d) 931. In none of the cases just cited was application made for

writ of error. In two other such cases, applications for writ of error were dismissed. Alamo Iron Works v. Prado (Tex.Civ.App.) 220 S.W. 282; Wright v. State (Tex.Civ.App.) 80 S.W.(2d) 1015. In two more such cases applications for writ of error were refused. Speed v. Gilliland (Tex.Civ.App.) 18 S.W.(2d) 762; Traders' & General Ins. Co. v. Low (Tex. Civ.App.) 74 S.W.(2d) 122. One such decision by the Commission of Appeals was approved by the Supreme Court. Texas Power & Light Co. v. Culwell (Tex. Com.App.) 34 S.W.(2d) 820, 822. Discussion of the Culwell Case will be omitted here to be taken up later.

Unless the decision in the Culwell Case requires a holding to the contrary, we regard the following propositions as now established by the decisions construing R.S. 1925, arts. 2184 to 2190, inclusive, in their present form.

(1) A party not charged with the burden of establishing an issue in the trial of a case is, in the absence of its submission, under no duty to request its submission and waives no right because of a failure to do so. The authorities supporting this proposition are cited in the original opinion beginning with Citizens' National Bank of Brownwood v. Texas Compress Co. (Tex.Civ.App.) 294 S.W. 331, and ending with Tripplehorn v. Ladd-Hannon Oil Corporation (Tex.Civ. App.) 8 S.W.(2d) 217, to which may be added Southern Surety Co. v. Solomon (Tex.Civ.App.) 4 S.W.(2d) 599; Austin Gaslight Co. v. Anderson (Tex.Civ.App.) 262 S.W. 136; Osceola Oil Co. v. Stewart Drilling Co. (Tex.Com.App.) 258 S.W. 806, 809. The correctness of the proposition is also just as certainly and necessarily implied as though it were expressly declared, in Dallas Hotel Co. v. Davison (Tex.Com.App.) 23 S.W.(2d) 708, and the cases following it.

(2) In a case submitted to a jury upon special issues wherein the court attempts to submit an issue joined by the pleadings and raised by the evidence, but submits it improperly, it is necessary for the party legally charged with the burden of establishing such issue, in order that he may complain of error in such submission, to make timely objection in writing. R.S. 1925, art. 2185.

(3) When under the preceding proposition an *objection* is required as

support for an assignment of error complaining of an improper submission of an issue which the court has attempted to submit, a requested correct issue and the refusal of the court to give it will not dispense with the necessity of proper objection. Isbell v. Lennox, 116 Tex. 522, 295 S.W. 920.

(4) In a case submitted upon special issues, an issue joined by the pleadings and raised by the evidence, but not submitted to the jury, will be waived as support for the judgment to be rendered, unless the submission of such issue be timely requested in writing by the party having the burden of establishing it. R. S.1925, art. 2190.

(5) When under the preceding proposition a request for the submission of an issue is required as support for an assignment of error complaining of the failure or refusal of the court to submit an issue not attempted to be submitted, an objection to the failure or refusal of the court to submit it will not dispense with the necessity that the party charged with establishing such issue shall make due and timely request for such submission. R.S. 1925, art. 2190; F. C. Pennington Produce Co. v. Browning (Tex.Civ.App.) 293 S.W. 935 (holding a mere objection to the charge of the court on the ground that it fails to submit a particular issue does not meet the requirement of the statute); Frick v. International & G. N. Ry. Co. (Tex.Civ.App.) 207 S.W. 198; Fox v. Dallas Hotel Co., supra; City of Houston v. Scanlan (Tex.Civ.App.) 16 S.W.(2d) 550; Olympia Towel Supply Co. v. Prade (Tex.Civ.App.) 22 S.W.(2d) 680; Wallace v. Johnson (Tex.Civ.App.) 39 S.W.(2d) 140; Donham v. Rugel (Tex.Civ.App.) 39 S.W.(2d) 627; Texas Employers' Ins. Ass'n v. Bradford (Tex.Civ.App.) 62 S. W.(2d) 158; Panhandle & S. F. Ry. Co. v. Burt (Tex.Civ.App.) 71 S.W.(2d) 390.

Other propositions corollary to the foregoing are:

(6) Upon the failure or refusal of the court to submit an issue joined by the pleadings and raised by the evidence, and in the absence of any request for the submission of such issue by the party legally charged with the burden of establishing it as a basis for the judgment to be rendered, the adverse party is under no duty to object to such omission or refusal to submit, and therefore cannot be prejudiced by any failure to do so. Hence he is free to contend upon appeal that a judgment against him is erroneous in that the verdict included no finding in favor of the other party upon an issue necessary to support the judgment, and, further, that a judgment in his favor is correct on the ground that it was the only one the court could properly render after the omitted issue essential to support a judgment for the other party had been legally waived as a basis for the court's judgment. Dallas Hotel Co. v. Davison (Tex.Com.App.) 23 S.W.(2d) 708; Federal Surety Co. v. Smith (Tex.Com.App.) 41 S.W.(2d) 210; International-Great Northern Ry. Co. v. Casey (Tex.Com.App.) 46 S.W.(2d) 669.

It would appear to be wholly unreasonable to hold that a party not having the burden of establishing an issue (such burden being upon the other party) and therefore not being under any duty to request submission of the issue, should nevertheless be required to object to the failure or refusal of the court to submit it. He would be under no more duty to object to the failure or refusal of the court to submit an issue, the burden of establishing which was upon the adverse party, than he would be to request the submission of such an issue. In neither case could he suffer any prejudice. If the judgment was in his favor, he could defend it against the contention that there should have been a finding upon an issue which the court failed or refused to submit, on the ground that the appealing party, by his failure to request the submission of such issue, waived it as a basis for the judgment to be rendered. If the judgment be against him, he can have it reversed on the ground that an issue necessary to support the judgment was not submitted and a finding thereon embraced in the verdict. This is but a reasonable construction of the law that it places certain responsibilities upon the respective parties; that is, to object to improper submission of issues when the court attempts to submit them, and when interested to request the submission of issues which the court wholly fails or refuses to submit.

In the instant case we are dealing, not with an issue improperly submitted, and therefore one which the law requires that an objection be made as the basis of an assignment of error complaining of the action of the court in submitting it, but with an entirely omitted issue, and therefore one which as the basis of an assignment of error complaining of such omission the

law requires the plaintiff in error to request its submission.

█ The law requires one who, because of the failure or refusal of the court to submit an issue, is under duty of requesting its submission upon penalty of a waiver thereof, to prepare the issue to be given so that the judge's action upon such request may be manifested of record by his writing thereon over his signature the words "given" or "refused." R.S.1925, arts. 2186 and 2188.

█ It should require no citation of authorities to support the proposition that it is never error for the court to refuse to submit a requested special issue which is so stated that if the court had given it in the first place his action in doing so would have been error. But see Freeman v. Galveston, H. & S. A. Ry. Co. (Tex.Com.App.) 285 S.W. 607; Gulf, C. & S. F. Ry. Co. v. Shieder, 88 Tex. 152, 30 S.W. 902, 28 L.R.A. 538; Gulf, C. & S. F. Ry. Co. v. Minter, 42 Tex.Civ.App. 235, 93 S.W. 516, and authorities cited; Landrum v. Thomas (Tex.Civ.App.) 149 S.W. 813; Houston, E. & W. T. Ry. Co. v. Lacy (Tex.Civ.App.) 153 S.W. 414; Missouri, K. & T. Ry. Co. v. Dunn (Tex. Civ.App.) 157 S.W. 434; Gulf Production Co. v. Gibson (Tex.Civ.App.) 234 S. W. 906. So far as we know, in no well-considered case has it ever been held that it was error to do so. A consideration of the many decisions listed above in which it has been held that a requested special charge or issue, though incorrect, was sufficient to call attention of the court to a material omission and thereby impose the duty of giving a correct special issue or charge discloses that the error was not in refusing the requested charge or issue, but in the failure to give a correct one. It has been accordingly held that an assignment of error necessary to present such question for review was required to complain, not of the action of the court in refusing to give the requested incorrect charge or issue, but of the failure to give a correct charge or issue. Gulf Production Co. v. Gibson, supra; Olds Motor Works v. Churchill, supra.

Another thing which a careful reading of said decisions discloses is that the reason for the rule was that the request, though incorrect, served as an objection to a defect in the court's charge, consisting of the omission, or, in other words, an implied objection. The question at issue was therefore determined by the Supreme Court in Gulf, C. & S. F. Ry. Co. v. Conley, supra.

In the Conley Case it was held that the former rule to the effect that defects in charges and instructions consisting of omissions rather than affirmative error were reviewable only when request had been made for the giving of a special charge had been changed by the 1913 amendment of the statutes. The amended statutes were interpreted to require that defects in charges, or special issues given by the court, whether such defects consisted of omissions or appeared affirmatively, were required, upon penalty of a waiver of such defects, to be objected to. The Court of Civil Appeals (236 S.W. 521, 526) had held that "The charge here complained of was not affirmatively erroneous, and therefore not reversible error, in the absence of a requested instruction by appellant more fully explaining the degree of care required by appellant as a carrier of passengers." Said the Supreme Court (113 Tex. 472, 260 S.W. 561, 32 A. L.R. 1183): "This was once the rule with reference to charges not affirmatively erroneous. *Due,* however, *to statutory enactments, it is no longer so.*" (Italics ours.)

What was the new rule required by the amended statutes? Simply that whether a general or special charge or instruction, or a special issue was involved, defects therein, whether consisting merely of omissions or affirmatively appearing error, were required to be objected to upon penalty of a waiver of the defects. As requisites "objections" were substituted for the former requests for a submission of special charges or issues. The opinion distinguishes between issues attempted to be submitted whether by a general charge or the giving of a special issue and issues not attempted to be submitted. As to the former, the rule was declared to be changed as above stated, and as to the latter the court said: "We think a failure to submit any particular issue under either statute can be reviewed on appeal only where the record shows a special charge was tendered on that issue." This opinion plainly declared the conditions under which *objections* to charges or issues were required and those under which *requested charges or issues* were required and made clear that when "objections" were required "requested charges or issues" could not with the same effect be substituted

therefor and vice versa. This important change in procedure has, it seems, been difficult of assimilation into our practice. It was found to be necessary to reassert it in Robertson & Mueller v. Holden (Tex.Com.App.) 1 S.W.(2d) 570 and many other cases, some of which are hereinbefore cited.

If the reason upon which was founded the former rule was as before stated, that the request of even an improper charge or issue was at any rate an implied objection to the charge or issues because of omissions therein, how can it be logically contended that such former rule still applies in a case where even an express and specific objection would be wholly ineffective to prevent a waiver. If, as held in Isbell v. Lennox, supra, where an objection be required, a requested issue, though correct, cannot meet the requirement, with what consistency can it be said that in a case like this, where under plain statutory mandate a request for the submission of a special issue is required, a merely implied objection to the failure of the court to give a correct issue could serve as substitute for a properly requested issue?

On the question at issue we would have deemed a citation of the statute (R.S. 1925, art. 2190) and the Conley Case, supra, as conclusive and sufficient, but for the problem of what authority to regard as controlling presented by the case of Texas Power & Light Co. v. Culwell, supra. If the facts would permit, it would do no great violence to certainly established rules to construe the last-named decision as going no further than to affirm in effect that where under the principles hereinabove discussed, it is necessary to make an *objection* as distinguished from a *request* to give a special charge or submit a special issue, a request to give such charge or submit such issue, though in improper form, may yet under the old rule be regarded as an implied objection. It would appear to be a little difficult to reconcile even this ·view with the requisites of an objection as to specificness and the purpose thereof as declared in, for instance, Isbell v. Lennox, supra. But it seems an omitted issue, and not a merely defective issue, was involved. It was a case in which under the authorities we have cited an objection alone was not available to prevent a waiver of error in the failure or refusal of the court to give it. The requested special issue was ad-

mittedly incorrect. It was not the duty of the court to give it, and it was not so held. What effect then is to be given to the language of the opinion as follows: "We think, however, the special issue requested, though defective in form, was sufficient to call the trial court's attention to a defensive matter properly pleaded and raised by the evidence; hence that court erred in not giving a proper special issue submitting such defense." Is it to be construed as an interpretation of R.S.1925, art. 2190, later than and different from the interpretation given in Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084, and Dallas Hotel Co. v. Davison, supra, to the effect that an independent issue not submitted and not requested to be submitted shall be deemed to be waived? Or, was it intended to hold that the requirement that in case of the failure or refusal of the court to submit a special issue, the party who had the burden of establishing such issue must request its submission in writing does not impose the duty to submit a correct issue as part of such request, as R. S.1925, arts. 2186 and 2188, seem plainly to declare, and which was so held in Texas Co. v. Ramsower (Tex.Com.App.) 7 S.W. (2d) 872, and other cases? The opinion itself indicates the contrary, for it is said: "The party desiring a specific charge must request a *correct* instruction before he can complain on appeal." (Italics ours.) The succeeding paragraph to that above quoted, although unenlightening, is interesting. It is: "From the authorities the rule is deducible that if an issue has been submitted generally, the party desiring a specific charge must request a correct instruction before he can complain on appeal. If, however, an issue made by the pleadings and the evidence has not been submitted at all, a requested instruction, though defective in form, if it is so nearly correct as to be sufficient to · call the court's attention to the matter, requires a proper submission of such issue by · the court." The following authorities were cited: Freybe v. Tiernan, 76 Tex. 286, 13 S.W. 370; Willis v. Smith, 72 Tex. 565, 10 S.W. 683; Ft. Worth & D. C. Ry. Co. v. Thompson (Tex.Civ.App) 222 S.W. 289; Graves v. Haynes (Tex.Com.App.) 231 S.W. 383; 3 Tex.Jur. § 136, p. 202. Can it be doubted that this was any other than the very rule which it was declared in the Conley Case was "once the rule," but which, due to statutory enactments, "It is no longer so?"

If the requested improper issue cannot be given by the court, then just what function does it perform? What is the principle upon which it was said to have the effect of imposing the duty upon the court to prepare and submit a correctly stated special issue? We can see no answer to the proposition that if it has such effect it is only because it constitutes an implied objection to the failure of the court to submit an issue. But, as we have already seen, even an express and explicit objection in that case would be without effect. Is this decision to be construed as overruling those which so hold? We cannot bring ourselves to believe that this opinion should be construed as having the effect of unsettling so many well-considered opinions of the Supreme Court without mention or discussion, as would be the effect if it be construed to mean that in a case submitted on special issues wherein an issue is not submitted, the failure of the court to submit it may be complained of and the case reversed at the instance of the party charged by law with establishing such issue, upon the sole showing that he requested the court to submit an issue which, because it was incorrect, the court could not properly give, and therefore refused it.

The other contentions set forth in the motion for rehearing are believed to have been sufficiently discussed in the original opinion. We therefore conclude that the motion for rehearing should be denied, and it is accordingly so ordered.